HERPOLSHEIMER v. HANSELL-ELCOCK CO.

BONDS — BUILDING CONTRACTORS — ENFORCEMENT BY MATERIAL-MEN.

A bond given by a building contractor to the owner of a build-ing under construction, to secure the performance of his con-tract, is a private instrument, enforceable only by the owner, and cannot be availed of by a materialman having a claim against the contractor, but for which neither the owner nor his property is liable.

Appeal from Kent; Wolcott, J. Submitted June 15, 1905. (Docket No. 12.) Decided September 20, 1905.

Bill of interpleader by William G. Herpolsheimer against the Hansell-Elcock Company and others to deter-mine the disposal of an amount due on a building contract. The defendant Hansell-Elcock Company filed an answer in the nature of a cross-bill, making the Fidelity & De-posit Company of Maryland a party defendant, and pray-ing to be subrogated to the rights of complainant in an indemnity bond to the amount of its claim. From a de-cree sustaining a demurrer of the Fidelity Company to the cross-bill, said defendant appeals. Affirmed.

The complainant let a contract to Hayden, Appleyard & Co. for the erection of a building upon a lot owned by him in the city of Grand Rapids; the total cost of the building to be about $100,000. A second contract between complainant and Hayden, Appleyard & Co. was made for an additional story. The defendant and appellant, Hansell-Elcock Company, furnished most of the struct-ural iron, the total bill for which was about $20,000, to Hayden, Appleyard & Co. The contractors paid appel-lant all but $1,446.74. The contractors were unable to pay their obligations in full, and laborers and material-

men filed liens amounting to about $19,000. Some also commenced suits by garnishment, among whom was the appellant. The appellant also filed its lien. In order to avoid a multiplicity of suits, complainant filed this bill in the nature of an interpleader, making all the lien and garnishment claimants defendants therein. The appellant, in its answer in the nature of a cross-bill, set up its defective lien and ineffectual garnishment proceedings. It also set forth an indemnity bond for $50,000, executed by the contractors, with the defendant Fidelity & Deposit Company of Maryland, for the faithful performance of the contract on the part of Hayden, Appleyard & Co. The express condition of the bond, so far as it is essential to the determination of this case, is that—

" The surety shall not be liable under this bond to any one except the owner; but it is agreed that the owner, in estimating his damage, may include the claims of mechanics and materialmen, arising out of the performance of the contract, and paid by him only when the same, by the statutes of the State where the contract is to be performed, are valid liens against his property."

A similar bond was executed by the same security company to the complainant, in the sum of $7,000, for the second contract. It then prayed for an accounting between complainant and Hayden, Appleyard & Co.; that said security company be decreed to pay the lien claimants named in paragraph 4 of the bill; that complainant be decreed to pay appellant its claim out of the balance in his hands, mentioned in paragraph 3 of the bill, or that said security company be decreed to pay pro rata sufficient of those liens which are found regular under the statute to leave a balance in said complainant's hands large enough to pay appellant's claim in full and costs; that the assets be marshaled; and that those claimants having a double security be compelled to first exhaust that security in which appellant had no interest before being permitted to participate in the fund in complainant's hands against which the appellant has a claim by reason of its suit in

garnishment, or that, if for any reason it be found that the whole matter cannot legally be adjudged and determined by the decree of this court as above mentioned, then said complainant be directed to institute proceedings at law or in equity upon said bonds to enforce the payment of such valid liens therefrom, so as to permit said complainant to pay its (Hansell-Elcock Company's) claim in full, or that said valid lien claimants be compelled to institute such proceedings. There were several other prayers for relief, but it is unnecessary to mention them. To this cross-bill the Fidelity Company demurred. The demurrer was sustained and the bill dismissed.

*Knappen, Kleinhans & Knappen,* for complainant.
*Elvin Swarthout,* for appellant.
*Frank W. Hine,* for defendant Fidelity & Deposit Co.

GRANT, J. (*after stating the facts*). There are two complete answers to the claim of the defendant the Hansell-Elcock Company:

1. This is not a public bond, required by statute of public officials, given for the purpose of protecting laborers and materialmen. It is a private bond, given, not for the benefit of Mr. Herpolsheimer's creditors, but for his own benefit; and there is no liability upon the bond until Mr. Herpolsheimer has suffered loss and makes a claim under the bond. He has neither suffered loss nor made any claim. The Hansell-Elcock Company stands in the position of a stranger or volunteer. It trusted the contractors, not Mr. Herpolsheimer. This bond was given and taken as security alone for Mr. Herpolsheimer. The Hansell-Elcock Company, therefore, is in no position to be subrogated to the rights of this contract between Herpolsheimer and the Fidelity Company. 27 Am. & Eng. Enc. Law (2d Ed.), p. 255. The case is within the principle announced in *Desot* v. *Ross,* 95 Mich. 81, and authorities there cited.

141 Mich.—24.

2. The defendant the Hansell-Elcock Company has no valid lien against the complainant's building. By the express terms of the contract of suretyship, the surety is not liable unless there are valid existing liens against his estate. It was only such liens as this that the bond of indemnity protects Mr. Herpolsheimer against, and in which defendant the Hansell-Elcock Company could possibly have any interest. Having no valid lien under the statute, it follows that it has no interest whatever in this private contract of suretyship between complainant and the defendant the Fidelity Company.

The decree is affirmed, with costs.

CARPENTER, MCALVAY, MONTGOMERY, and OSTRANDER, JJ., concurred.