EUREKA STONE COMPANY *v.* FIRST CHRISTIAN CHURCH.

## Opinion delivered May 11, 1908.

1. MECHANICS' LIEN—RIGHT OF CONTRACTOR'S SURETY TO CLAIM.—One who is a surety for the contractor cannot claim a lien for material furnished by him at the request of the contractor. (Page 216.)

2. PRINCIPAL AND SURETY—ALTERATION OF CONTRACT—EFFECT.—A surety upon the bond of a building contractor is not released by a change in the original plans and specifications if such change was authorized by the terms of the contract or was not a material one. (Page 216.)

3. APPEAL—CONCLUSIVENESS OF FINDING OF FACTS.—A chancellor's finding of facts will not be disturbed unless against the clear weight of the evidence. (Page 216.)

4. PRINCIPAL AND SURETY—EFFECT OF EXTENSION OF TIME.—An extension of the time for the completion of a building by the land owner, granted without consideration after expiration of the time in which the building should have been completed, was a voluntary act, and did not discharge the obligations of the contractor's bond. (Page 217.)

5. SAME—FAILURE TO RESERVE PART OF CONTRACT PRICE.—Where a building contractor abandoned his contract before completing the building, so that the owner was required to finish it, the latter's right to recover the amount in excess of the contract price expended in completing the building will not be defeated because ten per cent. of the price was not reserved, as required by the contract, until completion of the building. (Page 217.)

6. MECHANICS' LIEN—CHURCH PROPERTY.—A mechanics' lien cannot be asserted against a church building. (Page 217.)

7. INDEMNIFYING BOND—PARTIES.—A bond, the object of which appears to be to secure a church against liability for mechanics' liens, will not be held to create a right of action in favor of those who furnish material to be used in its construction, though it stipulates "that the contractor shall pay all artisans, materialmen, etc." (Page 218.)

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor; reversed in part.

### STATEMENT BY THE COURT.

This was a suit by the Eureka Stone Company against the First Christian Church of Fort Smith, Arkansas, to fix a lien upon the property of the church for materials furnished the contractor, E. D. Heilman, and used by him in the construction of the church building under the contract between him and the trustees of the church, made on the 4th day of March, 1903.

August Reichert, Mechanics' Planing Mill, Atkinson-Williams Hardware Company and Will Schulte, who claim to have furnished to said contractor materials used in the construction of the building, were also made parties defendant to the suit.

The church filed its answer, in which it denies that plaintiff has, or is entitled to enforce, a lien upon the lot and building described in the complaint for and on account of any material furnished by it in the construction of said building.

Defendant also alleges that said contractor, when said contract was entered into, was required to and did execute his bond to the said defendant Christian Church, conditioned that he would fully perform and carry out this contract, and build and complete the church according to the plans and specifications which were made a part of the said contract, and would protect the said defendant from all liens of any kind whatever for labor or materials furnished in building the church.

Defendant says that the plaintiff and S. F. Stahl were the sureties upon this bond; and asks that they be made parties to this action.

The defendants, August Reichart, Mechanics' Planing Mill and Atkinson-Williams Hardware Company, each filed a separate answer and cross-complaint, in which they assert a lien against the lot and building of the church for materials furnished, and ask a judgment for the amount of their respective claims against the Eureka Stone Company and S. F. Stahl as sureties on the contractor's bond.

The Eureka Stone Company answered these several cross-complaints as applied to it. It denies that the terms of the bond executed by E. D. Heilman with it as one of the sureties provided that the bondsmen on said bond should pay all claims for labor and materials used in the construction of the church, and denies that it is liable on said bond for any amount whatever. The Eureka Stone Company also filed its answer to the cross-complaint of the church. It admits that it became a surety on the bond of E. D. Heilman for the construction of the church building, but alleges that it is not liable on said bond because the church committed certain breaches of said contract, which are set out in its answer, and which will appear in the discussion of this branch of the case in the opinion.

In his answers to the cross-complaints of the lien claimants, Heilman admits that he is indebted to them in the amounts set out therein. He denies that he is indebted to the church, but alleges that the church is indebted to him for extra work in the sum of $563.00. He also pleads that he is insolvent, and has been adjudicated a bankrupt.

Will Schulte filed a complaint to enforce a mechanics' lien, but did not ask a judgment against the plaintiff as surety on the contractor's bond.

The chancellor made the following findings: That the Atkinson-Williams Hardware Company did not serve notice of their intention to file their lien upon the property of the church as required by law, and were therefore not entitled to a lien. That part of the claim of Will Schulte was for payment of freight for stone that he hauled. That he was not entitled to a lien for the payment of freight, but was entitled to a lien for that part of his account charged for hauling. That the Mechanics' Planing Mill Company and August Reichert were entitled to a lien for the respective amounts claimed by them. That the last three named lien claimants were entitled to recover against the Eureka Stone Company, a surety on the bond of the contractor, for the amount of their respective claims. That the Eureka Stone Company was not entitled to a lien on said building for the amount of its claim. That the church had expended $376.25 above the contract price in completion of the building, and was entitled to judgment for that amount against the Eureka Stone Company as surety.

A decree was entered in accordance with the findings of the chancellor, except that the judgment against the Eureka Stone Company for the amount of the liens asserted was in the name of the church for the benefit of the claimants.

An appeal was taken by the Eureka Stone Company, and cross appeals were taken by the defendants.

*Youmans & Youmans,* for appellant.

1. Appellant was released as surety on the bond of the contractor on account of the failure of the church to comply with its contract, delay caused by it (66 Ark. 287), payment before completion of the building, change in estimates, and exten-

sion of time without consent of bondsmen. The failure to reserve ten per cent. until the completion of the building releases bondsmen. 73 Ark. 473; 74 *Id.* 600.

2. A church is subject to a mechanics'' lien, unless expressly exempted by statute. 20 A. & Eng. Enc. Law (2 Ed.), p. 289; 29 Oregon, 150; 10 Pa. St. 413; 69 Ark. 68. Review 79 Ark. 550 and 17 *Id.* 483, and contend that even under those decisions churches are subject to lien.

*Ira D. Oglesby,* for appellee First Christian Church.

1. The evidence does not show facts sufficient to release the surety on the bond, either as to change of rentals, delay of payment or change in estimates. An extension of time without consideration, even before maturity of the contract, will not relieve sureties; certainly not after breach of the contract. 109 N. W. 793; 105 *Id.* 879; Ib. 1956.

2. A church is not subject to a mechanic's lien. 17 Ark. 483; 79 Ark. 550, 556, 532, etc.

*Read & McDonough,* for Mechanics' Planing Mill Co.

1. A church building is subject to our mechanics' lien statute. There is no exception in the law. A church is not a public charity, and does not come within the rule in 79 Ark. 569. The case in 19 Ark. 532, 550, is not applicable. 14 N. Y. 380; 10 Pa. St. 413; 20 A. & Eng. Enc. Law, p. 289, 329, 858; 62 Ala. 252; 49 Ark. 478; Phillips on Mechanics' Liens, § 171; Boisot on Mechanics' Liens, § 179; 30 La. Ann. 711; 103 Ind. 414.

2. Appellee is entitled to judgment on the bond, irrespective of the lien. 88 Pac. 687.

3. No exceptions are necessary in equity. 40 Ill. 100; 59 Iowa, 157; 32 S. W. 467; 5 Ark. 700.

4. The question of lien was not raised as to this appellee in the court below, and can not be raised now for the first time. 72 Ark. 539; 74 *Id.* 88; 75 *Id.* 312; 76 *Id.* 509.

5. The church is estopped to deny the lien. 35 Ark. 376; *Ib.* 293.

*Winchester & Martin,* for cross-appellants Schulte, Reichardt and Atkinson-Williams Hardware Company.

1. Furnishers of materials not named in the bond are nevertheless beneficiaries. 124 Iowa, 599. The bond was made for the protection of all parties performing labor or furnishing material.

2. A church is subject to a mechanics' lien. No exceptions are made. Kirby's Digest, § 4970, 4991; 49 Ark. 475; art. 9, section 3, Const.

HART, J., (after stating the facts.) For the reason here given and the additional reason hereafter given, the chancellor was correct in holding that the Eureka Stone Company was not entitled to assert a lien upon the building. It was the surety upon the bond of the principal contractor conditioned for the performance of the contract and the delivery of the building free from liens. "One who is a surety for the contractor can not claim a lien for material furnished by him at the request of the contractor. That would enable a man to exact payment for what he had promised should be paid for by another." Phillips on Mechanics' Liens, § 43a; Boisot on Mechanics' Liens, § 753.

The chancellor also found that the church paid out the sum of $376.25 in order to complete the building, and judgment was rendered for this amount against the Eureka Stone Company, the surety on the bond of the contractor.

The specific claims relied upon by the Eureka Stone Company to release it from liability on the bond are as follows:

First. Change of lintels.

Second. Metal ceilings.

Third. Delay in payments.

Fourth. Change in making estimates.

Fifth. Extension of time for completion of building.

Sixth. Payment before completion of the building.

The lintels provided for in the original plans and specifications were changed by direction of the architect, and such change was authorized by the terms of the contract. Besides, we do not regard the change as a material one.

The contention of appellant that the failure of the church to have the metal ceiling on hand discharged the bond is not well taken. The testimony clearly shows that the contractor was not ready for the metal ceiling until June, 1904, three

months after the time for the completion of the church had expired; and it is further shown that no delay was caused on account of the ceiling. The chancellor found in favor of the church on the facts on both the question of delay in payments and change in the estimates, and, according to the settled rule of this court, his findings of fact will not be disturbed unless against the clear weight of the evidence. A careful consideration of the testimony does not justify a reversal of his findings in that regard.

The extension of time for the completion of the building, granted by the church, was done after the expiration of the time in which the building should have been completed, was a mere voluntary act without any consideration to support it. Therefore it neither added to nor took away any obligations of the bond.

Appellant seeks to avoid its liability on the bond because ten per cent. of the contract price was not reserved until completion of the building. This provision is based upon the performance of the terms of the contract by the contractor. In the present case the contractor abandoned his contract long before the building had been completed. Moreover, the building was not completed until June, 1905, more than one year after expiration of the time of its completion as fixed by the terms of the contract. We are of the opinion that the church was entitled to recover the $376.25, the amount expended by it above the contract price for the completion of the building after the contractor had abandoned the work.

A majority of the court is of the opinion that a mechanics' lien can not be asserted against a church building.

Counsel for the lien claimants contend that the general rule is that a church is subject to a mechanics' lien under a statute giving such a lien on buildings, unless churches are expressly exempted from the operation of the statute, and that this doctrine is not in conflict with that announced in the case of *Grissom* v. *Hill,* 17 Ark. 483. They maintain that the decision in that case was based upon a clause contained in the deed conditioned against alienation, but a contrary interpretation has been placed upon it by this court.

In the case of *Fordyce* v. *Woman's Christian National Lib.*

*Association,* 79 Ark. 550, in discussing the case of *Grissom* v. *Hill,* the court said: "The clause in the deed above mentioned cut no figure in the case whatever; and what was said in the opinion as to the effect of the deed was pure surplusage because the trustees acquiesced in the decree rendered in the court below, and did not appeal."

True, the subject under discussion in the Fordyce case was whether the property of a public charity could be sold under execution, but the principle announced is the same; for our statutes do not make any exception in favor of the property of public charities in regard to execution liens, and it was held in the case of *Biscoe* v. *Thweatt,* 74 Ark. 545, and reaffirmed in the case of *McDonald* v. *Shaw,* 81 Ark. 235, that a church is a public charity. So, whatever may be the rule elsewhere, it may be considered as settled in this State that a church building is not subject to a mechanics' lien.

Cross-appellants, who are lien claimants, ask for judgment against the Eureka Stone Company, the surety on the bond of the principal contractor, for the amount of their debt. In the case of *Thomas Manufacturing Company* v. *Prather,* 65 Ark. 27, it was held that where a promise is made to one upon a sufficient consideration for the benefit of another, the beneficiary may sue the promisor for a breach of his promise. Hence the right of the lien claimants to recover on the bond depends upon the terms of the contract in connection with the conditions of the bond. The church is the only obligee named in the bond, and the only condition contained therein is that the principal contractor shall perform his contract and fulfill the stipulations thereof. The contract, so far as material to determine the liability of the bond for materials furnished, is as follows: "In determining the liability of the sureties on the bond to the materialmen, sentences or parts of sentences must not be considered apart from what follows and what precedes them." The intention of the parties is to be gathered from the whole instrument. If the intention was to secure the payment of materials furnished to the contractor, then the materialmen should recover. If, on the other hand, the fund only secured the church against claims and liens, then it becomes a bond of indemnity to the church, and materialmen are not entitled to recover. The materialmen

base their right to recover upon that clause of the contract which provides that the contractor shall pay all materialmen, but it will be observed that the subject in contemplation of the parties was the protection of the church against liens that might be asserted against the building; for that which immediately precedes as well as that which follows the clause in question manifestly shows that the object in view was to protect the church from the filing of liens, and to provide for their payment in case they were asserted.

Article fifteen of the contract, in which the expression in question occurs, is wholly taken up with the subject of liens. It provides that if, from any cause, a lien shall be filed, the amount of such lien may be withheld from the contractor until the claim is satisfied. A subsequent clause provides that the trustees of the church may settle with such claimants according to their judgment, pay the same without litigation, and that the whole cost of the adjustment shall be borne and paid by the contractor and his bondsmen out of any sums due or to become due the contractor. The expression, "and that the contractor shall pay all artisans, materialmen, etc.," in connection with what immediately precedes and follows it, can not be construed to mean an express covenant to pay for materials used in the construction of the building.

A majority of the court, from a consideration of the provisions of the bond, in connection with the contract it was given to secure, is of the opinion that the bond was taken to indemnify the church from claims that might be asserted against its building, and that it was not made for the benefit of those who might furnish material to be used in the construction of the building. The case of *Smith* v. *Bowman* (Utah), 9 L. R. A. (N. S.), 889, contains a clear and instructive discussion of this subject, with a full and complete review of all the authorities. Hence we are of the opinion that neither the materialmen nor the church for their benefit were entitled to recover against the surety on the contractor's bond.

The chancellor erred in holding that a church is subject to a mechanics' lien, and that part of the decree of the court fixing a lien on the church building and the property on which it is situated in favor of lien claimants is reversed.

The chancellor, also, erred in rendering judgment in favor of the church for the benefit of the lien claimants against the Eureka Stone Company, a surety on the principal contractor's bond, and the decree of the chancery court in that respect is reversed. In all other respects the decree is affirmed.

Chief Justice HILL is of the opinion that the bond secures the payment of material furnished to the contractors, and that the materialmen are entitled to recover on said bond because it was made for their benefit as well as to indemnify the church, and therefore dissents from that part of the opinion which holds that the surety on the bond of the contractor is not liable to the lien claimants for the amount of materials furnished by them to the contractor and used in the construction of the building, and concurs in the remainder of the opinion.

Mr. Justice WOOD and Mr. Justice McCULLOCH dissent from that part of the opinion which holds that a church is not subject to a mechanics' lien, and concur in the rest of the opinion.

HILL, C. J., (dissenting.) As indicated in the opinion of Mr. Justice HART, I disagree with one conclusion reached by the majority of the court, and that is, that the bond is only one of indemnity against liens. Article fifteen says: "That there shall be no liens filed on said building or work, either for labor done thereon or for materials furnished in its construction, and that the contractor shall pay all artisans, materialmen and laborers doing work on or about said building or other work; and if, for any cause, such lien shall be filed by any person, then and in such case the contractor shall pay and satisfy the amount that may be due and owing," etc.

As seen, this contains various covenants, among others the direct covenant that the contractor shall pay all artisans, materialmen and laborers doing work on or about said building or other work, and I think it unwarranted to qualify that positive agreement by limiting it to pay for liens only. The payment or indemnity against liens is abundantly provided for, and I think also the payment of all debts incurred to artisans, materialmen and laborers is equally provided for, and that the obligation is as much an obligation to pay as it is an obligation of indemnity.

The result of these views is, I reach the same conclusion which the majority reach, so far as the Eureka Stone Company

is concerned, as it occupied the dual relation of debtor and surety; but as to the other debtors I dissent from the refusal to give them judgment on the bond. I concur in all other parts of the opinion and the judgment.