## Reliance Heating Company *v.* Barton, Appellant.

*Mechanics' liens—Affidavits—Insufficiency—Contractors.*

An affidavit of defense to a sci. fa. sur mechanics' lien, filed by a sub-contractor, is insufficient which avers that the heating plant installed, under the contract with the original contractor, was not satisfactory. The sub-contractor having had no dealings with the owner, and not being a party to the original contract, an averment as to the proper performance of the contract was no defense to the sub-contractor's lien.

Argued April 28, 1926. Appeal No. 106, April T., 1926, by defendant, from judgment of C. P. Allegheny County, July T., 1924, No. 825, in the case of Reliance Heating Company v. Ada I. Barton. PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Sci. Fa. sur mechanic's lien. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*L. C. Barton,* for appellant, cited: Brown v. Cowan & Steele, 110 Pa. 588; Duff v. Hoffman, 63 Pa. 191; Waters v. Wolf, 162 Pa. 153; Tebay v. Kirkpatrick, 146

Pa. 120; Adams v. Kuehn, 119 Pa. 76; Cooper v. Walker, 44 Pa. Superior Ct., 298; Kountz v. Holthouse, 85 Pa. 235.

*Carl D. Smith,* for appellee.

OPINION BY TREXLER, J., July 8, 1926:

Mrs. Barton, the defendant, made a contract with Schenecker to erect a residence for her and under said contract Schenecker was to put in the house a heating plant for the sum of $815. Schenecker sub-let the work of installing it to the Reliance Heating Company who put in the plant under a contract made with Schenecker and during the time this plant was being installed, the owner entered into a verbal contract with the Reliance Heating Company to furnish and install a certain gas boiler, covering the same with asbestos for the agreed price of $232.50. Both Schenecker and the Reliance Heating Company filed mechanics' liens for their respective claims.

The lien of Schenecker was paid. A scire facias was issued on the lien of the Reliance Heating Company, and the Affidavit of Defense set up a claim based upon the failure of Schenecker to properly carry out his contract and put in a proper heating system. Judgment was entered for want of sufficient Affidavit of Defense for the reason that the appellant was not privy to the contract between Schenecker and Mrs. Barton.

The owner could not hold the sub-contractor with whom she had no contract for the failure of the general contractor to perform his contract. There are only two possible ways that such suit could be maintained by her under the contract made between Schenecker and the Reliance Heating Company, the one would be upon proof that the contract had been made on behalf of the owner by Schenecker as her agent; but the Affidavit of Defense does not disclose any such situation and Mrs. Barton was a stranger to the consider-

ation; the other that Mrs. Barton was the only one interested in the delivery of the work and material. First M. E. Church v. Isenberg, 246 Pa. 221, and cases there cited. The consideration for the building including the heating plant in the first instance was to pass from the owner to the contractor. The sub-contractor did not figure in that. He could not hold the owner under said contract, whatever his remedy might be against the property, or under Section 22 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, neither can the owner hold him for a failure on the part of Schenecker to comply with his contract even though the cause of the failure to furnish a proper heating plant was the bad performance of the work by the sub-contractor. It is true the sub-contractor agreed to furnish the heating plant according to the plans and specifications, but this merely indicated what he was to do and not with whom he was to deal. His relations were entirely with the contractor. If the owner had any wrong which should have been redressed, she should have looked to Schenecker with whom she made the contract. She has abandoned that channel, for as we stated before, Schenecker's lien is paid.

The assignments of error are overruled and the judgment is affirmed.