## MARYLAND CASUALTY CO. v. JOHNSON et al.

(District Court, W. D. Michigan, N. D. September 17, 1926.)

No. 307.

Mechanics' liens ⬡⟷315.

Provision of building contractor's bond securing contract between individuals, that principal would "pay all persons who have contracted directly with the principal for labor or materials," *held* intended solely for owner's protection, and materialmen could not sue thereon; Comp. Laws Mich. 1915, §§ 12353, 12361, being inapplicable.

In Equity. Suit by the Maryland Casualty Company against Emil Johnson and others. Decree for complainant.

Jones & Patek, of Ironwood, Mich., for plaintiff.

E. W. Massie, of Ironwood, Mich., for defendant Laughren.

W. S. Baird, of Bessemer, Mich., for defendant Hager.

Sanborn, Lamoreux & Pray, of Ashland, Wis., for defendant Scott-Taylor Co.

Charles M. Humphrey, of Ironwood, Mich., for defendant Gogebic Nat. Bank.

RAYMOND, District Judge. A concise statement of the facts set forth in the voluminous pleadings is sufficient to make plain the issue upon which this case must be decided. It is averred that on November 9, 1922, defendant Lizzie Laughren entered into a written contract with defendant Emil Johnson for the remodeling and construction of an addition to the St. James Hotel at Ironwood, the contract price being $27,759.20; that plaintiff became surety upon the contractor's bond for faithful performance of the contract; that defendant Hager furnished material, for which there is an unpaid balance of $2,666.87; that defendant Scott-Taylor Company has a similar claim, upon which there is a balance of $664.41; and that defendant Gogebic National Bank received from the owner, Lizzie Laughren, the sum of $5,300 of the contract price, which should have been used to pay materialmen.

Plaintiff's prayer for relief asks that, if

held liable to the above-named creditors, the decree shall impress this fund with a trust for the benefit of plaintiff. This prayer is founded upon the allegation that defendant bank had knowledge, through its cashier, of the source of said moneys, and of the provisions of the bond and application therefor, by which plaintiff was entitled to an assignment of all sums due on the contract until full performance thereof, including payment of materialmen.

No liens were filed by the materialmen, and suits were threatened by them against plaintiff upon the theory that under the terms of the bond there exists a direct liability of the surety for unpaid material. The bill of complaint was filed to restrain the threatened suits, and to procure an accounting, equitable subrogation, and various other forms of equitable relief. The defendant Johnson was not served with process, did not appear in the case, and is apparently financially irresponsible. The evident object of the bill of complaint is to obtain a decree that, if the claims of the materialmen are found to be a liability against plaintiff, the loss incident thereto shall be borne, not by plaintiff, but by defendant Laughren or the Gogebic National Bank. Because of the disposition to be made of the case, it is unnecessary to make further statement of the theories or facts upon which these claims are based.

The liability of the plaintiff, asserted by the materialmen, is based upon the following provision of the bond:

"Now, therefore, the condition of this obligation is such that, if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void; otherwise, it shall remain in full force and effect."

It is argued by plaintiff and several of the defendants that this bond is not for the benefit of third parties, but is indemnity for the sole benefit of the obligee; also that, even though the bond be construed as being for the benefit of materialmen, under the rule prevailing in Michigan, a third party, a stranger to the contract, cannot maintain suit thereon.

On the other hand, it is insisted on behalf

of the materialmen that the clear intent of the bond is to protect laborers and material-men, as well as the owner of the property, and that this protection is available to them without filing liens; that it is not the rule in Michigan that such laborers or material-men are strangers to the consideration of the bond in cases where, as in this case, the material was furnished in reliance upon the bond. It is further argued, even though the rule in Michigan formerly was as stated by plaintiff, that such rule has been changed by the Judicature Act and that sections 12353 and 12361 of the Compiled Laws of 1915 indicate an intent on the part of the Legislature to extend rights of action to third parties for whose benefit a contract is made. These sections are as follows:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought."

"In all equitable actions, all persons having an interest in the subject of the action and in obtaining the relief demanded, may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest must be joined on the same side as plaintiffs or defendants, but when any one refuses to join, he may for such reason be made a defendant."

The question thus presented is whether the materialmen have rights of action against plaintiff upon the surety bond given in this case; the bond securing the performance of a contract for private work. A large number of cases have been cited by counsel representing the various parties, from which it appears that the authorities are in serious conflict upon this subject. Much confusion has resulted from the failure to distinguish between statutory bonds for the completion of public works of various kinds and bonds securing the completion of private contracts. Many cases fail, also, to distinguish the varying conditions contained in the bonds upon which suit is brought.

A considerable number of the cases cited by counsel for the materialmen involve the construction of statutory bonds for the faithful performance of contracts of a pub-lic nature. The liability of the surety in these cases is generally founded upon express statutory provisions. Liens for labor and material cannot be procured, and the statutes, which afford the sole protection for such claims, are generally given liberal construction. Obviously these cases (though frequently so cited by courts and text-writers) are not authority for sustaining liability, which must be based solely upon contracts between private individuals, with no such statutory support. The following cases are often, and, as it appears to the court, erroneously, so cited: Hill v. American Surety Co., 200 U. S. 197, 26 S. Ct. 168, 50 L. Ed. 437; Equitable Surety Co. v. McMillan, 234 U. S. 448, 34 S. Ct. 803, 58 L. Ed. 1394; R. Connor Co. v. Ætna Indemnity Co., 136 Wis. 13, 115 N. W. 811; Ætna Indemnity Co. v. Indianapolis Mortar & Fuel Co., 178 Ind. 70, 98 N. E. 706; United States v. American Blower Co., 41 Ind. App. 620, 84 N. E. 555; Clatsop County v. Feldschau, 101 Or. 369, 199 P. 953, 18 A. L. R. 1221; Standard Asphalt Co. v. Texas Bldg. Co., 99 Kan. 567, 162 P. 299, L. R. A. 1917C, 490; St. Louis v. Hill-O'Meara Const. Co., 175 Mo. App. 555, 158 S. W. 98; Royal Indemnity Co. v. Granite & Stone Co., 100 Ohio St. 373, 126 N. E. 405, 12 A. L. R. 378 (public work, though bond not statutory).

This case is also clearly distinguishable from such cases as Getchell & Martin Lumber & Mfg. Co. v. Peterson & Sampson, 124 Iowa, 599, 100 N. W. 550, wherein the principal and surety were expressly bound, not only to the owner, but "to all persons who may be injured by any breach of any of the conditions, of this bond"; United States Fidelity & Guaranty Co. v. Thomas (Tex. Civ. App.) 156 S. W. 573, where the bond contained the stipulation that it "shall inure to the benefit of materialmen and subcontractors"; School District v. Beggs, 147 Mo. App. 177, 126 S. W. 530, where the bond expressly stated that it might be sued upon by all persons to whom the contractor might become indebted as if executed to them in proper person; and from many other similar cases in which the intention to include materialmen as beneficiaries is clearly expressed.

The following cases have held the surety liable upon bonds conditioned only for the completion of private building contracts and for payment of amounts due for labor and material. Yawkey-Crowley Lbr. Co. v. Sinaiko (Wis.) 206 N. W. 976 (citing cases involving public construction bonds); Algonite Stone Mfg. Co. v. Fidelity Deposit Co., 100 Kan. 28, 163 P. 1076, L. R. A. 1917D,

722; Knight & Jillson Co. v. Castle, 172 Ind. 97, 87 N. E. 976, 27 L. R. A. (N. S.) 573; Orinoco Supply Co. v. Shaw Bros. Lumber Co., 160 N. C. 428, 76 S. E. 273, 42 L. R. A. (N. S.) 707; Guilford Lumber Mfg. Co. v. Johnson, 177 N. C. 44, 97 S. E. 732; Forburger Stone Co. v. Lion Bonding. & Surety Co., 103 Neb. 202, 170 N. W. 897, 171 N. W. 288. Of these cases it is to be noted that two arose out of contracts for the erection of church buildings. In two others there are dissenting opinions.

Among the cases taking the opposite view on similar bonds, viz. that there could be no recovery by the materialmen, are the following: Uhrich v. Globe Surety Co., 191 Mo. App. 111, 166 S. W. 845; Oak Cliff Lumber Co. v. American Indemnity Co. (Tex. Civ. App.) 266 S. W. 429; First M. E. Church v. Isenberg, 246 Pa. 221, 92 A. 141; General Bonding & Casualty Co. v. Waples Lumber Co. (Tex. Civ. App.) 176 S. W. 651; Eureka Stone Co. v. First Christian Church, 86 Ark. 212, 110 S. W. 1042; Cleveland. Metal Roofing & C. Co. v. Gaspard, 89 Ohio St. 185, 106 N. E. 9, L. R. A. 1915A, 768, Ann. Cas. 1916A, 745. The Metal Roofing Case was overruled in Royal Indemnity Co. v. Granite Co., 100 Ohio St. 373, 126 N. E. 405, 12 A. L. R. 378. But it is to be noted that the latter case makes no distinction between work of a public nature, for which no lien could be established, and materials furnished under contracts between private parties. The Michigan Supreme Court has not passed upon the question here involved. The case of Herpolsheimer v. Hansell Elcock Co., 141 Mich. 367, 104 N. W. 671 (cited by plaintiff), is distinguishable, in that the bond in that case provided indemnity only against valid existing liens, and none were filed.

Careful consideration of the authorities above cited (and many others) leads to the conclusion that bonds securing the faithful performance of contracts between private parties should be construed in accordance with the evident intent of the parties at the time of contracting. To conclude that the clause providing for payment of labor and materials was inserted in the bond here in question for protection of third parties is to indulge an unwarranted confidence in the altruistic motives of those engaged in construction work.

It seems clear that the object in contemplation of the parties at the time the bond was furnished was to secure to the owner the completion of the building at the contract price and its delivery free from liens for unpaid labor and materials. The language used in the case of First M. E. Church v. Isenberg, 246 Pa. 221, 92 A. 141, seems applicable to the present case:

"The manifest purpose of the bond was protection to the obligee, the First Methodist Episcopal Church of Huntingdon. It and the appellants are the sole parties to the obligation assumed by them. There is no covenant of promise in it by them to any subcontractor or materialman that they will pay him upon default of the contractor, and nothing was ever said or done by them indicating in any manner to the appellee that the bond was intended for his protection. He was no party to the obligation, and under the rule of the common law, followed by state and federal courts in this country, he cannot maintain an action upon it in his own name."

That the payment of claims of materialmen was not one of the direct objects of the bond given in this case seems clear. The protection therein afforded materialmen was purely incidental to the real purpose of the bond. It is extremely probable that neither party to the contract gave thought to the interests or welfare of those who might become interested as materialmen, further than necessary to afford protection against liens. To say that an entire stranger to the contract, who knew nothing of it at the time of its formation, who did not share in the consideration, and whose interests were probably not thought of, is a real party in interest, is to confuse fancy and fact. The Michigan statutes above cited therefore have no application. If the parties at the time of contracting had such intention, it could have been clearly so stated in the contract, as was done in several of the cases cited above. To give the bond the strained construction suggested by materialmen would be indicative of judicial paternalism.

That the materialmen are indirectly or incidently benefited by the terms of the bond is insufficient. See Woodbury v. Tampa Waterworks Co., 57 Fla. 249, 49 So. 556, 21 L. R. A. (N. S.) 1034, where the rule is stated as follows:

"Where a contract shows its clear intent and purpose to be a direct and substantial benefit to third parties, and not merely that third parties might be benefited by it, or that third parties are indirectly or incidentally benefited by it, the third parties who are directly and substantially benefited by the performance of the contract may maintain an action for its breach under the statute as the real parties in interest. If a direct and substantial benefit accrues to persons severally, and they are the real parties in interest, they may maintain an action severally."

Even could the bond in question be con-

strued as having been made in behalf of the materialmen, the right of recovery by them against the surety is doubtful. See Board of Commerce of Ann Arbor v. Security Trust Co., 225 F. 454, 140 C. C. A. 486; In re Fowble (D. C.) 213 F. 676. Defendants Frank J. Hager and Scott-Taylor Company should therefore be enjoined from prosecuting their claims against plaintiff. The court is satisfied, from the evidence in the case, that the material was not furnished because of reliance upon the provisions of the bond.

In view of the conclusion reached it is unnecessary to consider other relief prayed for in the bill of complaint and cross-bills. A decree may be submitted in accordance with this opinion.