## SUN INDEMNITY CO. OF NEW YORK v. AMERICAN UNIVERSITY, WASHINGTON, D. C.

Court of Appeals of District of Columbia.
Submitted April 11, 1928.    Decided
May 7, 1928.

No. 4669.

1. **Appeal and error ⬤➡842(8)—Interpretation of written instruments constitutes question of law, and is reviewable on appeal.**

Question relating to interpretation of written instruments constitutes a question of law, and is reviewable on appeal.

2. **Mechanics' liens ⬤➡315—Materialmen cannot recover against surety under bond naming owner as sole obligee and stipulating for payment of debts incurred for labor and materials.**

Where bond executed by contractor constructing building for University named University as sole obligee, and stipulated that contractor would pay all debts incurred for labor and material in prosecuting the work, such provision inured to benefit of University only, being designed to save it from mechanics' liens on property, and precluded recovery by materialmen against surety by independent suit.

In Error to the Municipal Court of the District of Columbia.

Suit by the American University, Washington, D. C., to the use of the National Electrical Supply Company, against the Sun Indemnity Company of New York. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

W. C. Clephane, J. W. Latimer, and G. L. Hall, all of Washington, D. C., for plaintiff in error.

B. E. Hinton and E. G. Davis, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. A review of a judgment for $981.69 rendered by the municipal court in favor of the National Electrical Supply Company against the Sun Indemnity Company. The facts are stipulated in the record.

The American University proposed to erect a University Hall building upon its land, and on February 7, 1926, it entered into a written contract with the Electrical Construction Company, whereby the latter agreed to furnish and deliver all labor and material necessary to furnish and install a complete electrical system for light and power in the building, according to agreed specifications, for the price of $9,998, payable as the work progressed upon semimonthly estimates furnished by the engineer in charge, 10 per cent. of the price, however, to be withheld until the satisfactory completion of the work. The contract contained also the following provision, to wit: "The contractor shall be responsible for and pay all liabilities incurred for labor and material in the prosecution of the work."

Concurrently with the execution of the contract the Electrical Construction Company, together with the Sun Indemnity Company as its surety, executed and delivered an indemnity bond to the University in the penal sum of $4,999, conditioned that the Construction Company should faithfully perform all the work and furnish all the labor and materials required by the contract, and should promptly make payment to all persons supplying labor and materials in the prosecution of the work contemplated by the contract.

The University Building, including the specified electrical system, was completed by January 1, 1926. No mechanic's lien for debts incurred by the Electrical Construction Company for labor or materials in the performance of its contract was ever filed against the property, and the time allowed by statute for filing such liens expired upon April 1, 1926. But on July 18, 1927, the National Electrical Supply Company, defendant in error herein, brought the present suit in the municipal court against the Sun Indemnity Company, now plaintiff in error, to recover from it, as surety upon the contractor's bond, the sum of $981.69 as the price of certain materials furnished by it to the Construction Company for use in the prosecution of the work contemplated by the contract. The defendant below did not deny the validity of the debt sued upon, but contended that the creditor was not entitled under the terms of the indemnity bond to recover for the debt against it as surety therein. The municipal court rendered judgment against the Indemnity Company, and the record is here for review.

[1] It is contended by the defendant in error that the lower court acted both as judge and jury at the trial of the case; that its judgment was based upon a finding of facts having the force and effect of a jury verdict,

and that this court should not disturb it. We cannot agree with this claim, for there is no dispute about the facts in the case. The only question before the court related to the interpretation of written instruments, and that is a question of law, and is reviewable here. [2] We think the lower court erred in holding that a recovery might be had by the creditor against the surety company under the terms of the indemnity bond. The University is the sole obligee named in the bond, and it may be understood that the bond was given to protect its interests. The premium of the bond was paid entirely by the Construction Company; no part of it was paid by or on behalf of the materialmen, nor does it appear that any of them knew that such a bond had been given, or was induced to supply material for the work by reason thereof. The corresponding provisions appearing alike in the contract and the bond, whereby the Surety Company stipulated that the Construction Company would promptly pay all debts incurred for labor or material in prosecuting the work, inured to the benefit of the University only, and were designed to save it from mechanics' liens upon the property. These are the only stipulations in either contract or bond relating to such liens, and they have no other effect than to protect the University from loss because of such liens. They are not effective to give such creditors the right to bring independent suits against the Surety Company upon their claims.

This view is confirmed by the fact that the penal sum named in the bond is $4,999, which is only one-half of the consideration payable to the Construction Company under the contract. It could easily be foreseen that various defaults might occur on the part of the Construction Company which would render it liable severally to the University and to laborers and materialmen in a sum greater than the penalty of the bond. This might produce a conflict of interests under the bond between the University and other claimants if independent suits were allowed the latter, which plainly could not have been intended by the University. Fosmire v. National Surety Co., 229 N. Y. 44, 127 N. E. 472; Eureka Stone Co. v. First Christian Church, 86 Ark. 212, 110 S. W. 1042; National Surety Co. v. Brown-Graves Co. (C. C. A. Sixth Circuit) 7 F.(2d) 91; Maryland Casualty Co. v. Johnson (D. C.) 15 F.(2d) 253.

In First Methodist Episcopal Church v. Isenberg, 246 Pa. 221, 92 A. 141, upon an issue similar to this the court says:

"The manifest purpose of the bond was protection to the obligee, the First Methodist Episcopal Church of Huntingdon. It and the appellants are the sole parties to the obligation assumed by them. There is no covenant or promise in it by them to any subcontractor or materialman that they will pay him upon default of the contractor, and nothing was ever said or done by them indicating in any manner to the appellee that the bond was intended for his protection. He was no party to the obligation, and, under the rule of the common law followed by state and federal courts in this country, he cannot maintain an action upon it in his own name. Yet this is what he did by first bringing suit as the legal plaintiff. His subsequent amendment, making himself use plaintiff, without any assignment from the obligee, did not change his status as plaintiff; but even an assignment from the obligee would not have helped him, for it had paid nothing which it could have collected from the sureties."

The judgment of the municipal court is reversed, with costs, and the cause is remanded with instructions to dismiss the plaintiff's suit, with costs.