## JAMES STEWART & CO., Inc., et al. v. LIBERTY TRUST CO., et al.

### No. 5108.

Court of Appeals of District of Columbia.

Argued May 6, 1931.

Decided June 1, 1931.

Geo. E. Sullivan, Edward Stafford, Walter C. Clephane, J. Wilmer Latimer, Chas. S. Baker, Benj. L. Tepper and H. Winship Wheatley, all of Washington, D. C., for appellants.

J. Harry Covington, Spencer Gordon, B. S. Minor, H. P. Gatley, A. P. Drury, Guy Mason, W. W. Spalding, George E. Hamilton, George E. Hamilton, Jr., John J. Hamilton, Henry R. Gower, and Edmund Brady, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal relates to a decree foreclosing a mortgage upon real estate and determining the relative rights and obligations of lienholders.

It appears that on July 10, 1925, the Washington Central Trust was organized in Boston for the purpose of purchasing certain lands in the city of Washington and erecting an extensive business and office building thereon. The members of the trust were not to be held personally liable for any of the obligations of the trust. In order to finance the enterprise, the trust on the same day executed a first mortgage for $3,300,000 upon the premises to the National Shawmut Bank of Boston as trustee, and a second mortgage for $800,000 to the Liberty Trust Company as trustees. These mortgages were written to secure certain issues of promissory notes in denominations suitable for sale to the public, and were duly filed for record on July 17, 1925. The trust then agreed with Coffin & Burr, Inc., dealers in investment bonds, that the latter should dispose of the mortgage notes for a stipulated commission. At the same time a "completion bond" in the sum of $1,200,000 was executed and delivered by the trust to the National Shawmut Bank, as trustee in the first mortgage, to assure the completion of the building upon which the mortgage was written; and concurrently therewith a like completion bond in the sum of $300,000 was given to the Liberty Trust Company as trustee in the second mortgage. In both of the completion bonds the Hartford Accident & Indemnity Company, the Maryland Casualty Company, and the Metropolitan Casualty Insurance Company of New York bound themselves as sureties.

On September 15, 1926, after the mortgages had been recorded and the notes secured thereby had been sold to the public, the trust entered into a written contract with appellants Stewart & Co. to erect the proposed building upon the premises. It was provided in the contract that the trust should pay the contractor monthly upon the architect's certificate a sum equal to 90 per cent. of the value of the labor and materials furnished and installed in the building during the preceding month; and that, in case of default of any such payment, the contractor, after written notice, might stop work or terminate the contract and recover for all work executed and for any loss sustained upon any plant or materials, and reasonable profits and damages.

Stewart & Co. thereupon proceeded with the performance of their contract, and fully completed it in all respects on or before December 29, 1927. However, on October 8, 1927, the trust defaulted in the payments due to the company upon the architect's certificate for the preceding month; the amount of the shortage being $7,706.17. On November 5, 1927, a second default occurred in the sum of $188,154.95. The company did not avail itself of the remedies afforded in such case by the contract, but faithfully completed the building and paid in full for all labor and materials employed by them in so doing. On November 30, 1927, the company duly filed a statutory notice of mechanic's lien upon the premises for the amount remaining due to it.

The present case was begun in the lower court by the Liberty Trust Company, as trustee under the second mortgage, for a foreclosure of that mortgage and an accounting of the liens upon the property. Afterwards in the same case the property was sold under a foreclosure of the first mortgage, and the proceeds were not sufficient to pay the mortgage indebtedness and the mechanic's lien of Stewart & Co.

It was thereupon claimed by Stewart & Co. that under the facts in the case it is entitled in a court of equity to the "protection" of the surety bond for $1,200,000, which was given by the surety companies to the National Shawmut Bank, trustee in the first mortgage, as security for the completion of the building upon the mortgaged premises. Stewart & Co. contend that "the mortgagees should have been required to exhaust their remedies against the surety companies as a condition to the foreclosure of their mortgages."

The lower court ruled against these claims, and we think the ruling is correct.

It is conceded that Stewart & Co. could not recover in an action at law against the surety companies upon the completion bonds, for there is no privity of contract between the parties. Sun Indemnity Co. v. American University, 58 App. D. C. 184, 26 F.(2d) 556. It is a general rule that equity follows the law. However, it is contended that under the present circumstances the interests of justice require that this rule shall not apply. An examination of the record does not sustain the contention.

The completion bond for $1,200,000 securing the first mortgage is executed by the trust as principal and the surety companies as sureties, and designates as sole obligee the National Shawmut Bank of Boston as trustee under the mortgage. It is conditioned that the trust as principal therein shall erect the building described in the mortgage, and pay the cost thereof as the same shall become due and payable, complete the same free from liens, and save the obligee harmless on account of any and all claims, liens, expenses, or damages which may be incurred or suffered by the obligee arising against the building. The bond, moreover, expressly provides that all and singular the terms of the mortgage are made part of the bond as fully to all intents and purposes as if specifically set out in the body of the bond.

Section 2 of article XIII of the Mortgage thus secured reads as follows: "Section 2. Nothing in this indenture, express or implied, is intended or shall be construed to confer upon or to give to any person or corporation, other than the parties hereto and the holders and registered owners of the Bonds, any right, remedy or claim under or by reason of this indenture or any covenant, condition, stipulation or agreement hereof; and all the covenants, conditions, stipulations, promises and agreements in this indenture contained by or on behalf of the Mortgagors shall be for the sole and exclusive benefit of the parties hereto and of the holders and registered owners of the Bonds."

According to the specific provisions of these cognate instruments, the obligations of the surety companies run to the holders of the mortgage notes only, and not to the holders of liens upon the building as such. These restrictions are not illegal, nor in any sense inequitable, and they should be respected in equity as well as at law. Stewart & Co. paid no part of the consideration for the surety bonds, they are not named as obligees therein, and, if they relied upon the bonds as a guaranty running to them, as is claimed, they mistook the legal effect of the bonds, and the surety companies are not responsible for the error.

It is contended on behalf of Stewart & Co. that under the circumstances the holders of the mortgage notes possess two forms of security for the protection of their claims; first, the mortgage upon the property; and, second, the obligations assumed in behalf of their notes by the surety companies in the completion bond. It is contended that under the equitable principles governing the mar-

shaling of liens the mortgagees should be compelled "to exhaust their remedies against the surety companies as a condition to the foreclosure of their mortgages." In such event, it is claimed, the surety companies would be required to pay the lien of Stewart & Co., and the proceeds of the sale of the mortgaged premises would be sufficient to pay the mortgage notes in full.

The answer to this is that there can be no marshaling of liens in this case, because the mortgagees hold but a single lien as security for their notes, to wit, the mortgage. They have no lien upon the completion bond or its contents. The surety companies did not become sureties for the payment of the mortgage debts, but only for the completion of the building. The building having been completed according to contract, the surety companies are not indebted to the mortgagees in any sum whatever. The facts in the case accordingly form no basis for a decree in favor of Stewart & Co., nor in favor of Coolidge, Shepley, Bulfinch & Abbott, the architects, whose case rests upon similar grounds.

The orders and decrees appealed from are affirmed, with costs.