MARYLAND CASUALTY CO. v. BOARD OF WATER COM'RS OF CITY OF DUNKIRK, N. Y., et al.

District Court, W. D. New York. October 21, 1927.

No. 1166F.

Principal and surety ⬅172—Equity had jurisdiction of suit by surety to adjust matters arising out of defaulted building contract.

Equity *held* to have jurisdiction of a suit by the surety of a construction contractor, which took over the work on default of the contractor, to adjust all matters arising out of the contract, including the right to certain funds and to require accounting by parties to whom payments had been made from such funds.

In Equity. Suit by the Maryland Casualty Company against the Board of Water Commissioners of the City of Dunkirk, N. Y., and others. On motion by the Warsaw Elevator Company, appearing specially, to dismiss bill. Denied.

Gibbons & Pottle, of Buffalo, N. Y. (Frank Gibbons, of Buffalo, N. Y., of counsel), for plaintiff.

Stanley & Gidley, of Buffalo, N. Y. (Ellis H. Gidley, of Buffalo, N. Y., of counsel), for defendant Warsaw Elevator Co.

ADLER, District Judge. The bill of complaint alleges contracts made between the board of water commissioners of the city of Dunkirk, N. Y., and the Loyd Contracting Company for the construction of a filtration plant and a clear water basin for the sum of $150,900. The Loyd Contracting Company procured from the plaintiff two bonds to cover the respective contracts. The contractor proceeded with the work until July, 1927, when default was made. The Maryland Casualty Company took over and assumed the completion of the contracts. At the time of default, the commissioners had on hand sums of money unpaid and to become payable by reason of said contracts. At the time of the failure of the Loyd Contracting Company, it was indebted to many persons for labor performed, services rendered, and materials furnished. A large number of these persons have filed liens against the fund in the hands of the board of water commissioners. Many others threaten to do so. During the progress of the work, the Loyd Contracting Company assigned a portion of this fund to the Merchants' National Bank of Dunkirk, N. Y., one of the defendants in this action. The validity of that assignment is contested by the plaintiff.

A large number of defendants have appeared in the suit. The defendant Warsaw Elevator Company appears specially, and asks that the bill of complaint be dismissed on the ground that no equity jurisdiction exists. The jurisdiction of the federal court is complete by reason of diversity of citizenship. The sole question is whether equity jurisdiction exists.

The bill of complaint prays for judgment and decree on various counts, among them: (a) For an accounting to ascertain the debts owing by the Loyd Contracting Company; (b) that the board of water commissioners be restrained from paying over any moneys in their hands under the said contracts, except to plaintiff; (c) that the sums of money— i. e., $7,067.83—paid to defendant Merchants' National Bank of Dunkirk by the board of water commissioners are trust funds in the hands of said bank for the benefit of plaintiff, and that an accounting be had of the amount paid by said board of water commissioners to said bank; (d) that an accounting be had of the amount of the indebtedness owing by the Loyd Contracting Company to plaintiffs; (e) that a temporary order of injunction be granted, restraining all defendants and creditors from bringing suit on account of the above contracts; (f) that all the rights, demands, and claims of all parties hereto be adjudged, determined, and adjudicated.

The case of Barston v. Mingo Drainage District (D. C.) 264 F. 224, is relied upon by defendant Warsaw Elevator Company as

authority that this case is not one for equity jurisdiction. The Mingo Case is authority for the proposition that jurisdiction in equity is not had on the sole ground of preventing a multiplicity of suits, the court there holding that the facts of that case did not confer jurisdiction upon the court. In that case the action in equity was brought by the contractor to prevent a large number of different suits for damages to be brought against him, and to compel all of his creditors to intervene and have their demands determined in one action.

In this case the equity jurisdiction of the court is invoked, not solely for the purpose of determining the claims of the 40 or 50 defendant lienors, although their claims will be determined in the action, but this action brings before the court on its equity side the various other questions arising out of these contracts, including the right to and ownership of certain funds, and the accounting for these funds by various of the parties to this action. Andersen v. Wool Trading Co. (C. C. A.) 14 F.(2d) 586; Reynes v. Dumont, 130 U. S. 354, 394, 9 S. Ct. 486, 32 L. Ed. 934; Montgomery Federal Jurisdiction, Sec. 702; Maryland Casualty Co. v. Johnson (D. C.) 15 F.(2d) 253.

The motion to dismiss the bill of complaint for want of equity is denied.