**MARYLAND CASUALTY CO. v. BOARD OF WATER COM'RS OF CITY OF DUNKIRK, N. Y., et al.**

District Court, W. D. New York. June 26, 1928.

**1. Principal and surety ⬤⟼172—Equity had jurisdiction of suit by surety to adjust matters arising out of defaulted building contract.**

Equity *held* to have jurisdiction of suit by surety of construction contractor, which took over work on default of contractor, to adjust all matters arising out of the contract, including disposition of fund for payment of claims as against materialman, made defendant in equity action, and filing no lien against fund, and making no claim thereto.

**2. Courts ⬤⟼493(1)—District Court, acquiring jurisdiction before state court, must keep it.**

United States District Court, which acquired jurisdiction of suit by surety of construction contractor, taking over work on contractor's default, to adjust matters arising out of contract before state court, must keep such jurisdiction, and had no right to abdicate its own jurisdiction.

**3. Courts ⬤⟼493(2)—Surety, suing to adjust matters arising under building contract, cannot restrain materialman's action in state court involving the bond; jurisdictions not conflicting.**

Surety of construction contractor, taking over work on contractor's default and filing suit to adjust all matters arising out of the contract, including question of disposition of fund for payment of claims, which was in federal court's possession, *held* not entitled to restrain materialman's action in state court against surety, based on the bond, where only a personal judgment was sought in the action in the state court, claims to fund were not involved, and no questions concerning federal court action were involved, other than the one of construction of the bond given by surety.

In Equity. Action by the Maryland Casualty Company against the Board of Water Commissioners of the City of Dunkirk and others. On motion by complainant to restrain defendant United States Cast Iron Pipe & Foundry Company from proceeding further in another action, and motion by the same defendant for an order dismissing complaint. Motions denied.

See, also, 21 F. (2d) 1005.

Gibbons & Pottle, of Buffalo, N. Y. (Frank Gibbons, of Buffalo, N. Y., of counsel), for complainant.

Locke, Babcock, Hollister & Brown, of Buffalo, N. Y. (Harold S. Brown and George C. Lea, both of Buffalo, N. Y., of counsel), for defendant United States Cast Iron Pipe & Foundry Co.

ADLER, District Judge. Two motions made in the above action will be considered:

One in behalf of the complainant herein for an order which shall enjoin and restrain the defendant the United States Cast Iron Pipe & Foundry Company from taking any further proceedings in a certain action now pending undetermined in the court of common pleas for the county of Cuyahoga, state of Ohio, wherein the above-named defendant is plaintiff and the complainant herein is defendant; the other by the defendant United States Cast Iron Pipe & Foundry Company, appearing specially for the purpose of the motion, for an order dismissing the complaint herein for want of equity. The facts are as follows:

On September 9, 1927, the Maryland Casualty Company filed a bill of complaint in equity in the United States District Court. It prayed for judgment and decree on various counts, among them, "that all the rights, demands, and claims of all parties hereto be adjudged, determined and adjudicated." It also prayed that a temporary order of injunction be granted, restraining all defendants, as well as all creditors, whether named in the complaint or not, from instituting or bringing any action or suit or legal proceeding against the plaintiff, the Maryland Casualty Company, or against the contractor, the Loyd Contracting Company, or against the board of water commissioners of the city of Dunkirk, on any claim alleged by them, or any of them. In the bill of complaint, the plaintiff, the Maryland Casualty Company, asks that each and all of the claims set forth therein be adjudicated and determined, "and particularly the rights of all the parties herein against this plaintiff upon said bond against said funds of the water commissioners or the city of Dunkirk, or in and to the funds now due and payable, or to become due and payable, under said contracts."

In this action the United States Cast Iron Pipe & Foundry Company was not originally made a specific party defendant, but was included as a defendant by the following language: "And all other persons and corporations who have or claim to have a claim for labor or materials or of any other description." Thereafter, on January 5, 1928, by an ex parte order, the United States Cast Iron Pipe & Foundry Company was joined as a defendant in the action, and a subpœna was issued upon the amended bill of complaint and duly served upon said defendant on January 10, 1928. On January 2, 1928, the United States Cast Iron Pipe & Foundry Company began its action against the Maryland Casualty Company and the Loyd Contracting Company in the court of common

pleas in the state of Ohio. Shortly thereafter, on January 16, 1928, the Maryland Casualty Company made its motion, now under consideration, specifically to enjoin the action begun in the state court of Ohio, and on February 6, 1928, the United States Cast Iron Pipe & Foundry Company made its motion, now under consideration, to dismiss the complaint in the federal court for want of equity. The second motion, the one to dismiss the complaint for want of equity, will first be considered.

[1] The question of the equity jurisdiction of the court on the facts in this case was considered by this court in Maryland Casualty Co. v. Board of Water Commissioners of City of Dunkirk, New York, et al., reported in 21 F.(2d) 1005. It was there held that equity had jurisdiction. The facts before the court in that case are just the same as they are now, except that the defendant United States Cast Iron Pipe & Foundry Company assert that, as they filed no lien against the fund in the hands of the board of water commissioners and made no claim thereto, they are in a different position from the other defendants. That fact does not affect the equity jurisdiction of the court. For the reasons stated in the opinion in the case above cited, I find on this motion that equity has jurisdiction, and that the United States Cast Iron Pipe & Foundry Company is a defendant in the equity action by reason of the fact that the original summons includes it in its general language, and it was afterwards included specifically by the order amending the summons on January 5, 1928.

The first motion, now to be considered, is that an order should be made which shall enjoin and restrain the defendant United States Cast Iron Pipe & Foundry Company from taking any further proceedings in the now pending undetermined action in the state of Ohio against the Maryland Casualty Company, the plaintiff in the equity action in this court. The Ohio action which is sought to be enjoined is an action at law, in which defendant United States Cast Iron Pipe & Foundry Company is the plaintiff and the Maryland Casualty Company and the Loyd Contracting Company are the defendants, and is based on the provisions of the bond given coincidentally with the execution of the contract for the construction of a filtration plant in the city of Dunkirk, N. Y. During the progress of the work under the contract the contractor defaulted, and the Maryland Casualty Company completed the job.

The United States Cast Iron Pipe & Foundry Company furnished materials to the original contractor, which were used in the work. It did not file a lien under the provisions of the Lien Law of the state of New York, and makes no claim upon the fund now in the hands of the water commissioners of the city of Dunkirk, N. Y., the disposition of which fund is one of the questions to be determined in the equity action in the federal court. However, by reason of being a proper party defendant in said action, such rights to that fund as the United States Cast Iron Pipe & Foundry Company may have will be determined in the equity action. The question of the construction of the bond given by the Maryland Casualty Company to the water commissioners is also one of the questions at issue in the equity action, and under the pleadings in that action will be determined by the court.

This same question, the construction of the bond given by the plaintiff, is the issue in the action at law brought in the Ohio court. The action is an action in personam, as only a personal judgment is sought. It has to do only with this provision of the bond: "If the principal shall pay for all material furnished in or about such improvements, whether or not to the Loyd Contracting Company or to subcontractor, then this obligation to be void; otherwise, to remain in full force." This action at law has nothing to do with the fund in the hands of the water commissioners, with any payments under it, with the rights of any of the parties to it, or with any of the questions involved in the equity action, other than the one question of the construction of the bond given by the Maryland Casualty Company.

[2, 3] The United States District Court acquired jurisdiction before the state court of Ohio, and, having acquired jurisdiction, it must keep it. McClellan v. Carland, 217 U. S. 268, 282, 30 S. Ct. 501, 54 L. Ed. 762; Russell v. Detrick (C. C. A.) 23 F.(2d) 175. It has no right to abdicate its own jurisdiction. Chicot County v. Sherwood, 148 U. S. 529, 533, 13 S. Ct. 695, 37 L. Ed. 546. The rule is that, where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction, where the effect would be to defeat or impair the jurisdiction of the federal court; but this rule is limited to actions which deal either actually or potentially with specific property or objects. Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; Covell v. Heyman, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390; Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24

A. L. R. 1077; Ackerman v. Tobin (C. C. A.) 22 F.(2d) 541.

The United States Supreme Court in the leading case of Kline v. Burke Construction Co., supra, uses this language: "But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court." The Supreme Court then lays down the rule that, where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded.

In the instant case the equity action in the federal court, when it construes the bond of the Maryland Casualty Company, will determine whether or not there is a personal liability under that bond to the various contractors and materialmen, and the amount of that liability if there is any. The determination of that question does not involve the right to the fund retained by the water commissioners. It may be that all of the facts connected with the abandonment of the contract, and the completion of the work by the Maryland Casualty Company, will be matters for consideration in the construction of the bond. But, if that is so, the question could also be resolved in an action at law, without involving the rights to the fund which has been taken possession of by the federal court in the other phases of its jurisdiction in the equity case.

Under the authority of the above cases, and the large number of cases cited therein, and the great number of cases that have followed the rule therein established, I find that an injunction should not issue against the prosecution of the Ohio action. There is the question of possibly conflicting judgments in the two courts. That question was considered in Kline v. Burke Construction Co., supra, and Mr. Justice Sutherland in his opinion uses this language: "Whenever a judgment is rendered in one of the courts, and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending, in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case."

Both of the motions considered in this opinion are denied.