Samuel S. BEVARD and Mary E. Creman, trading as Silver Hill Sand and Gravel Company, Appellants,

v.

NEW AMSTERDAM CASUALTY COMPANY, a corporation, Appellee.

Vincenzzo G. CAVALIN, Jack Cusin and Louis Cusin, trading as A. C. Cement Finishing Contractors, Appellants,

v.

NEW AMSTERDAM CASUALTY COMPANY, a corporation, Appellee.

Nos. 1946, 1947.

Municipal Court of Appeals for the District of Columbia.

Argued April 1, 1957.

Decided June 5, 1957.

Bernard J. Hammett, Washington, D. C., with whom W. Byron Sorrell, Cullen B. Jones, Jr., and Gerard P. Fleischut, Washington, D. C., were on the brief, for appellants.

Kahl K. Spriggs, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

These appeals present the question whether appellants, who supplied labor and material to a contractor engaged in constructing a large warehouse and who were not fully paid therefor by the contractor, have a right to sue the surety on a bond given by the contractor to the owners of the warehouse. The contract price for the warehouse was $129,000 and the bond was in the same amount. The condition of the bond was:

> "That if the Principal (the contractor) shall indemnify the Obligee (the owners) against any loss or damage directly arising by reason of the failure of the Principal faithfully to perform said contract, then this obligation shall be void; otherwise it shall remain in full force and effect."

All parties moved for summary judgment and the trial court granted judgment in favor of the surety.

Appellants argue that although the undertaking of the surety was in form an indemnity bond for the owners alone, it should be construed in connection with the contract to which it referred and that when so construed there is evidenced a clear intention that the bond was given for the protection not only of the owners but also for the laborers, materialmen and subcontractors.

The contract provided for delivery by the contractor to the owners of "a performance and material and supplies and labor payment bond," securing the owners "the performance of this agreement and the payment of material and labor." Another part of the contract provided: "Wherever in this agreement the words

'performance bond and material and labor payments bonds' is mentioned, it is intended by the parties to mean a performance bond which will include requirement for the payment of labor and material."

It is perfectly plain that under the contract the owners could have demanded of the contractor a combined performance and labor and material payment bond; but it is just as plain that they did not, and instead accepted an indemnity bond.

The rights of materialmen and subcontractors under contractors' bonds have been the subject of hundreds of cases. See the many cases collected in the annotation at 77 A.L.R. 21–214, supplemented by annotation at 118 A.L.R. 57–102. Any attempt to discuss those cases would be useless here. We think the following quotation from Stearns Law of Suretyship (5th ed.), § 8.13, accurately summarizes the present state of the law on the subject: "The modern trend is toward a liberal construction of building bonds. The great weight of authority today is that materialmen, laborers or subcontractors, to whom the original contractor is directly liable, can recover on the bond of the latter, * * * if there is some indication of intention either in the bond or relevant statute to benefit such materialmen, laborers or subcontractors."

■ From the above statement it will be noted that essential to recovery by materialmen and subcontractors is some indication of intention either in the bond or relevant statute (and no statute is here involved) to benefit them. Thus in Sun Indemnity Company of New York v. American University, 58 App.D.C. 184, 26 F.2d 556, recovery was denied a subcontractor even though the condition of the bond was that the contractor should "perform all the work and furnish all the labor and materials required by the contract, and should promptly make payment to all persons supplying labor and

materials in the prosecution of the work contemplated by the contract." It was held that under the circumstances of that case there was no indication that the bond was intended for the benefit of anyone other than the obligee, especially in view of the fact that the penal sum named in the bond was only one-half of the total contract price.[1]

■ While many recent cases tend to find an intention to benefit materialmen and subcontractors in performance bonds and payment bonds, or a combination of the two, we have found no case holding that such parties may sue on a strict indemnity bond, as is the bond in this case. A surety's obligation must be measured by the condition stated in the bond, and when the condition is, as here, merely to indemnify the owner against loss or damage by reason of the failure of the contractor to perform, such condition cannot be construed to go further than its terms and give rights to others not mentioned either expressly or by intendment. In the annotation at 77 A.L.R. 21–214, in summarizing the holdings of many cases, the annotator concludes:

> "Where the bond is conditioned merely to indemnify and hold harmless the owner or public body, it seems, both by authority and reason, that it does not inure to the benefit of laborers and materialmen so as to enable them to recover thereon."

A recent case in our neighboring State of Maryland is very much in point. On facts very similar to those in our case, in denying recovery to a materialman and subcontractor, the court said:

> "It is clear, under these provisions [of the contract], that the owner could have required the principal to furnish a payment bond, and not merely an indemnity bond. But the surety was not obliged to make its undertaking co-extensive with that of the principal.

1. See Bruckner-Mitchell v. Sun Indemnity Co. of New York, 65 App.D.C. 178, 189, 82 F.2d 434, 445, certiorari denied 298 U.S. 677, 56 S.Ct. 941, 80 L.Ed. 1398.

The short answer is, that the bond furnished was not a payment, but merely an indemnity bond. The surety did not agree to be responsible for everything that the principal undertook to do, but only for such of his failures as caused loss to the owner." Board of Education of Montgomery County to Use of Breedon v. Victor N. Judson, Inc., 211 Md. 188, 126 A.2d 615, 616.

Our conclusion is that appellants have no right of recovery on the bond and the trial court correctly granted judgment for the surety.

Affirmed.