**DISTRICT OF COLUMBIA, et al., Appellants,**

v.

**Felicia JACKSON, et al., Appellees.**

No. 03–CV–1366.

District of Columbia Court of Appeals.

Argued Jan. 19, 2005.

Decided June 30, 2005.

James C. McKay, Jr., Senior Assistant Attorney General, with whom Robert J. Spagnoletti, Attorney General for the District of Columbia, and Edward E. Schwab, Deputy Attorney General, were on the brief for appellant.

Gregory L. Lattimer, Washington, for appellee.

Before SCHWELB and RUIZ, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior J.

This appeal arises from wrongful death and survival actions brought by appellee Felicia Jackson in her capacity as the personal representative of the estate of her brother Terrence Hicks against the District of Columbia and several Metropolitan Police Department officers. Appellants, District of Columbia and the officers found liable, contend that the filing of Jackson's motion for attorney's fees was untimely. We agree, and reverse.

## I.

On August 16, 1994, Hicks was shot to death by several officers during a hostage situation in which Hicks held his own mother at knifepoint. Jackson offered three theories of liability: assault and battery, negligence *per se*, and use of excessive force in violation of 42 U.S.C. § 1983. On June 22, 1998, following a jury trial, the Superior Court entered judgment in Jackson's favor on all three counts, awarding $2,149,999 in compensatory damages and $3,999,000 in punitive damages.[1] On post-trial motion by the District, the trial court remitted the compensatory damages award to $180,000, left intact the punitive damages award and, on June 29, 1999, entered an amended judgment to that effect. Both parties appealed the amended judgment. In *District of Columbia v. Jackson*, 810 A.2d 388 (D.C.2002) (*Jackson I*), this court affirmed the remittitur, reversed the award of punitive damages, and

---

1. Both compensatory and punitive damages were apportioned equally among the three officers found liable.

held that the evidence adequately supported the jury's verdict. *Id.* at 390. On April 18, 2003, Jackson's petition for rehearing *en banc* was denied.

On May 6, 2003, Jackson filed a motion for $344,418.75 in attorney's fees and $20,114.03 in costs under 42 U.S.C. § 1988 as the prevailing party in her § 1983 "excessive force" claim. The District opposed, arguing *inter alia* that, in light of the provision of D.C.Super. Ct. Civ. R. 54(d)(2)(B) that a motion for attorney's fees "must be filed no later than 14 days after entry of judgment," Jackson was required to file the motion within fourteen days of the original judgment (entered June 22, 1998), or the amended judgment reflecting the remittitur (entered June 29, 1999).[2] The District also argued to the trial court that, because Jackson did not file such a motion before the appeal on the merits, this court was given no reason to address in *Jackson I* the District's qualified immunity arguments which have since become relevant given Jackson's post-appeal claim of fees as a § 1988 "prevailing party." On May 23, 2003, Jackson moved for entry of an amended judgment reflecting this court's decision in *Jackson I, supra.* The District did not oppose the entry of an amended judgment, but argued that it would not render Jackson's motion for attorney's fees timely. Jackson argued in response that the entry of an amended judgment would trigger a new fourteen-day period under Rule 54(d)(2)(B).

On July 11, 2003, the trial court denied Jackson's motion for attorney's fees without prejudice and, on July 14, 2003, the

trial court entered a second amended judgment reflecting this court's ruling in *Jackson I.* Jackson filed a renewed motion for attorney's fees and costs on July 29, 2003. The District again opposed the motion. The trial court granted Jackson's motion for attorney's fees in part on October 17, 2003, ruling that the fourteen-day period specified in Rule 54(d)(2)(B) began anew upon the entry of the second amended judgment, and that therefore the request was timely. The trial court also ruled that the District was not prejudiced by the trial court's willingness to entertain Jackson's motion since, where there is an appeal in which there is a claim of reversible error, "it is the Court's standard procedure to deny a motion for attorney's fees without prejudice because of the uncertainty over the Plaintiff's status as the prevailing party." Finally, the trial court concluded that because Jackson had a valid judgment of $180,000 against the District, she was a "prevailing party." On November 4, 2003, the trial court awarded Jackson $201,289.56 in attorney's fees and $3,082.54 in costs.

## II.

■ The District's principal argument on appeal is that the award of attorney's fees to Jackson must be vacated because her request for attorney's fees was filed too late. Superior Court Civil Rule 54(d)(2)(B) provides that, unless otherwise provided by order of the court, the prevailing party's motion for attorney's fees "must be filed and served no later than fourteen days after entry of judgment."[3]

---

**2.** The District also argued that Jackson was not a prevailing party under § 1988 and therefore not entitled to the fee award, that the request was unreasonable given Jackson's limited success on the merits, and that the amount requested was excessive. We do not address those issues.

**3.** Superior Court Civil Rule 54(d)(2)(B) provides:

> Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds enti-

The explanatory note that the Superior Court attached when the proposed amendment including this section of Rule 54 was published for comment stated that this "provision will give the opposing party notice of the claim before the time for appeal has lapsed, and will facilitate the Court's review of the services performed." *Proposed Amendments to SCR–CIVIL 54,* 123 Wash. Law Rep. 52 (Jan. 10, 1995); *see also* FED. R. CIV. P. 54 advisory committee's note. In addition, this rule is intended to make possible the resolution of fee disputes while the services performed are still fresh in mind and, in cases deemed appropriate by the trial court, to enable the court to rule on fee requests in time for appellate review of a dispute over fees along with any review of the merits of the case. *Id.* The rule is virtually identical to its federal counterpart, and the explanatory note accompanying the rule is entirely consistent with the more extensive federal advisory committee's notes to the corresponding federal rule. *See Proposed Amendments to SCR–CIVIL 54, supra;* FED. R. CIV. P. 54 advisory committee's note; FED. R. CIV. P. 54(d)(2). When interpreting a Superior Court rule, we frequently find guidance in the advisory committee's notes to the corresponding federal rule. *See, e.g., Ford v. ChartOne, Inc.,* 834 A.2d 875, 879 (D.C.2003) (interpreting D.C.Super. Ct. Civ. R. 23(f)); *Mizrahi v. Schwarzmann,* 741 A.2d 399, 403 (D.C. 1999) (interpreting D.C.Super. Ct. Civ. R. 26); *District of Columbia v. Murtaugh,* 728 A.2d 1237, 1243 (D.C.1999) (interpreting D.C.Super. Ct. Civ. R. 58).

■ The timing requirements of Rule 54(d)(2)(B) are not as stringent as those of Rules 50 (motion for judgment as a matter of law) and 59 (motion for new trial), both of which are inflexible and jurisdictional. *See Circle Liquors, Inc. v. Cohen,* 670 A.2d 381, 385–86 (D.C.1996). While Rule 54(d)(2)(B) provides that the request for fees must be filed within fourteen days of the entry of judgment, the rule specifically allows for extensions by order of the court and provides procedures by which the trial court may, once the request has been made, postpone ruling on a fee request until after the merits of the case have been fully reviewed on appeal. D.C.Super. Ct. Civ. R. 54(d)(2)(B); *see* FED. R. CIV. P. 54 advisory committee's note. Additionally, D.C.Super. Ct. Civ. R. 6(b), which permits a trial court to extend deadlines imposed by the Superior Court Rules under certain circumstances, specifically excludes deadlines mandated by Rules 50(b), 50(c)(2), 52(b), 59(b), 59(d), 59(e), and 60(b), but does not exclude Rule 54. What is most significant in this case, however, is that Jackson did not seek an extension of the time within which to file pursuant either to Rule 6(b) or to Rule 54(d) itself.

There are several reasons for requiring timely notice of intent to seek attorney's fees. As the advisory committee pointed out, "prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind." FED. R. CIV. P. 54 advisory committee's notes.

■ In addition, notice of intent to seek attorney's fees is an important safeguard of judicial efficiency because timely notice would clarify for the parties, as well as for the court, what are the contested legal issues relevant to entitlement to fees that need to be decided as part of the underlying case. In the case before us, the District asserts that if Jackson

---

tling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

had filed a timely notice, the District would have strongly urged this court to rule whether the police officers enjoyed qualified immunity from Jackson's 42 U.S.C. § 1983 claim. The jury found in favor of Jackson on all three theories of liability she asserted: negligence, assault and battery, and violation of § 1983. It proceeded to award her lump sum verdicts for compensatory and punitive damages on the three. Accordingly, when this court held that the evidence was sufficient to support the unitary award of compensatory damage (having set aside the award of punitive damages), it deemed moot the District's challenges to the § 1983 and negligence counts. *Jackson I, supra,* 810 A.2d at 395. Had Jackson filed a timely notice of intent to seek attorney's fees, this court would not have declined the question of immunity as moot, because a successful § 1983 claim provided the only means to seek attorney's fees.

■ Another important reason for requiring timely notice is that it counsels against a party's pursuing an appeal of questionable merit that might well add to the fees eventually awarded. Once a party

has "prevailed," the motion for attorney's fees becomes an essential part of the claim (indeed, attorney's fees are often claimed in the complaint).

■ In support of the conclusion that Jackson's July 28, 2003, motion for attorney's fees was in fact timely, Jackson refers to a section of the advisory committee notes that states that "a new [fourteen day] period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court." FED. R. CIV. P. 54 advisory committee's note. Jackson also quotes the trial court's reference to the corresponding part of the Superior Court's explanatory note that stated: "The 14 day period will begin again after the entry of a new judgment following reversal or remand by the Court of Appeals. . . ." *Proposed Amendments to SCR–CIVIL 54, supra.* However, a review of the surrounding text shows that in each case the applicable paragraph begins with an assumption that a motion for fees had been duly filed before the appeal, and that assumption continues throughout the paragraph.[4] This assumption is underscored by the fact that both the explanatory and the advisory commit-

---

4. The paragraph of the federal rule advisory committee's note that contains the provision quoted by Jackson states, in its entirety:

Filing a motion for fees under this subdivision does not affect the finality or the appealability of a judgment, though revised Rule 58 provides a mechanism by which prior to appeal the court can suspend the finality to resolve a motion for fees. If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after the resolution of the appeal. A new period

for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59.
FED. R. CIV. P. 54 advisory committee's notes.
The corresponding paragraph of the Superior Court explanatory note states, in its entirety:
The filing of a motion for attorneys' fees will not [affect] the finality or appealability of a judgment. If the merits of the case are appealed, the Court may rule on the claim for fees, may defer the ruling, or may deny the motion without prejudice and provide a new period for filing after a resolution of the appeal. Rule 54(d)(2)(B). The 14 day period will begin again after entry of a new judgment following reversal or remand by the Court of Appeals or the granting of a motion under Rule 59.

tee notes provide for a new filing period in the event of a reversal or a remand, *but not an affirmance,* as a reversal or remand could potentially change which party would be entitled to attorney's fees. Thus, the "new period for filing" provides newly-prevailing parties the opportunity to request attorney's fees, and is not intended simply to allow a party who continues to prevail post-appeal a second bite at the apple.

Parties who, like Jackson, prevail at the trial court level have ample opportunity to preserve their claim to attorney's fees while continuing to defend the underlying judgment on appeal. Rule 54(d)(2)(B) allows the fourteen-day time limit to be extended upon order of the court. D.C.Super. Ct. Civ. R. 54(d)(2)(B). The advisory committee's note states that, where an appeal on the merits is pending, "the [trial] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved."[5] FED. R. CIV. P. 54 advisory committee's note; *see also Proposed Amendments, supra* ("[T]he Court may rule on the claim for fees, may defer the ruling, or may deny the motion without prejudice and provide a new period for filing after resolution of the appeal"). Finally, Rule 6(b) states that, where the Rules require that an act be done within a specified time:

> the Court for cause shown may at any time in its discretion (1) with or without

motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

D.C.Super. Ct. Civ. R. 6(b). There is no indication in the record, and Jackson does not argue, that Jackson filed a motion for attorney's fees within fourteen days of the July 29, 1999 judgment, that during that fourteen-day period she requested a court order enlarging the fourteen-day time limit, or that she filed a motion under Rule 6(b) alleging "excusable neglect."[6] There is no indication that the trial court, *sua sponte,* entered an order extending the fourteen-day time limit. Any of these events would have put the District on notice that Jackson would be seeking attorney's fees, and thus satisfied one of the stated purposes of Rule 54(d)(2)(B). *See* FED. R. CIV. P. 54 advisory committee's note. Jackson followed none of these procedures. Thus, her motion for attorney's fees was untimely, and the trial court was not in a position to rule upon its merits. The trial court's order awarding attorney's fees is therefore reversed.

*So ordered.*

---

*Proposed Amendments to SCR–CIVIL 54, supra.*

**5.** Indeed, the trial court stated that it "would not have allowed a request for attorney's fees to go forward until after the Court of Appeals rendered a final decision upholding or reversing [Jackson's] status as a prevailing party . . . . [I]t is the [trial court's] standard procedure to deny a motion for attorney's fees without prejudice because of the uncertainty

over the Plaintiff's status as the prevailing party."

**6.** Regarding motions to extend filed after the fourteen-day period has elapsed, Moore states: "Thus, while the 14–day period is not jurisdictional, the failure to comply should be sufficient reason to deny the fee motion, absent some compelling showing of good cause." MOORE'S FEDERAL PRACTICE § 54.151[1] (3d ed.2000).