George PURCELL and Fedora
Inc., Appellants,

v.

Marva E. THOMAS, Appellee.

Marva E. Thomas, Appellant,

v.

Accredited Surety and Casualty
Company, Inc., Appellee.

Nos. 09–CV–501, 10–CV–485.

District of Columbia Court of Appeals.

Argued Feb. 9, 2011.
Decided Sept. 29, 2011.

Nathaniel H. Speights, Washington, DC, for appellants George Purcell and Fedora Inc.

Johnny M. Howard, Washington, DC, for appellee/appellant Marva E. Thomas.

Joel P. Williams for appellee Accredited Surety and Casualty Company, Inc.

Before WASHINGTON, Chief Judge, FISHER, Associate Judge, and STEADMAN, Senior Judge.

STEADMAN, Senior Judge:

In these consolidated appeals involving an award of attorney fees, two distinct but related matters are presented to us for resolution. George Purcell and Fedora, Inc. argue that the trial court erred in awarding attorney fees to Marva Thomas approximately six years after Thomas obtained a sizeable judgment against them in the underlying sexual harassment suit, which was subsequently upheld on appeal. Thomas argues that the trial court erred in determining that appellants' supersedeas bond obtained to stay the judgment during the appeal did not cover Thomas's subsequent award of attorney fees. We affirm both trial court rulings.

## I.

We first address the question of the delayed attorney fees award. On June 18, 2003, following an eight-day jury trial, the trial court docketed the judgment in Thomas's favor in a sexual harassment claim against appellants. On July 2, 2003, Thomas filed a motion for attorney fees. She submitted a signed affidavit supporting her motion for attorney fees on September 24, 2003, documenting time spent between December 10, 1999 and July 2, 2003. Purcell and Fedora, Inc. appealed the underlying judgment on September 12, 2003 [1], and approximately four years later, on July 26, 2007, this court affirmed the trial court's judgment. *See Purcell v. Thomas*, 928 A.2d 699 (D.C.2007). During the pendency of the appeal, no action was taken by any party, or the trial court, with regard to Thomas's July 2, 2003, motion for attorney fees.

On August 14, 2007, a couple of weeks after this court affirmed the trial court's judgment in favor of Thomas, Thomas filed a supplemental memorandum requesting that the trial court grant the July 2003 motion for attorney fees, and also award fees for attorney time spent between July 2, 2003 and August 13, 2007 (during the first appeal process) [2]. During the August 20, 2008 hearing on the motion for attorney fees, the trial court rejected appellants' argument that the court could no longer award Thomas attorney fees. The court noted that "once the [timely] request [for attorney fees] has been made, [the court may] postpone ruling on a fee request until after the merits of the case

---

**1.** On July 1, 2003, Purcell filed a motion for judgment as a matter of law and for a new trial pursuant to D.C.Super. Ct. Civ. R. 50 and 59. While pending, this motion suspended the time for taking an appeal. D.C.App. R. 4(a)(4)(A). The trial court denied the motion on August 18, 2003.

**2.** Although Purcell and Fedora, Inc. argue in their brief that the supplemental request for attorney fees was untimely, they indicated at oral argument that they are not challenging the timeliness of the portion of attorney fees awarded for work performed during the appeal process. Nor do they challenge the manner in which such fees were determined.

have been fully review[ed] on appeal." On March 16, 2009, the trial court granted Thomas's request for attorney fees in part, awarding her $590,807.00 for time spent during trial and on appeal. This appeal followed.[3]

On appeal, Purcell and Fedora, Inc. do not challenge the amount of the award. Instead, they contend that the trial court erred by granting a motion for attorney fees relating to the trial process in March 2009, long after July 2003, when Thomas filed her initial fee request following the trial judgment. Specifically, they contend that the trial court erred in awarding Thomas attorney fees because she purportedly failed to diligently prosecute her motion with the trial court, and thus, failed to preserve the motion. They contend that by failing to promptly request either a ruling at an earlier time, a stay, or an order of deferment, or by failing to appeal the trial court's failure to issue a ruling, Thomas gave up her right to seek attorney fees for work performed during trial. They further contend that although the trial court could have, *sua sponte*, indicat-

ed that it would defer ruling on the motion pending the appeal process, the trial court did not take any such action and as a result, the motion "died" and could not be revived.[4]

■ Generally, a "request for attorneys' fees raises issues that are, for all practical purposes, 'collateral to' and 'separate from' the decision on the merits" of the underlying litigation. *Weaver v. Grafio*, 595 A.2d 983, 986 (D.C.1991) (citation omitted).[5] A party wishing to appeal the underlying judgment should not wait until a decision on the attorney fees has been rendered; the judgment disposing of the merits is immediately appealable, and the decision regarding attorney fees may be appealed separately. *Id.* Indeed, if a litigant waits to appeal the underlying judgment until the attorney fees issue has been resolved, and that resolution does not occur within the time allowed for an appeal from the underlying judgment, the appeal of the underlying judgment is deemed to have come too late and only the attorney fees issue will be addressed on appeal. *Budinich v. Becton Dickinson & Co.*, 486

---

3. On February 4, 2011, Thomas filed a motion to late file her brief in 09–CV–501 pursuant to D.C.App. R. 26(b). We grant her motion, and consider her brief in resolving the issues raised in these consolidated appeals.

4. Although appellants argued in their brief that Thomas's motion for attorney fees was untimely because she failed to provide adequate supporting materials with her initial filing, appellants stated at oral argument that they were not pursuing this argument. Even if appellants pursued this argument, it is unpersuasive because motions for attorney fees need not "be supported at the time of filing with the evidentiary material bearing on the fees." Fed.R.Civ.P. 54(d)(2)(B) advisory committee's note. "What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)." *Id.* D.C.Super. Ct. Civ. R. 54(d)(2)(B) tracks the federal rule. With respect to the

time that supporting material must eventually be filed, the rules are silent. The advisory committee notes to the federal rule 54(d)(2)(B) simply state that the supporting material must "be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case." In any event, as indicated above, Thomas filed an affidavit supporting her request for attorney fees on September 24, 2003, within a reasonable time in the circumstances here.

5. Super. Ct. Civ. R. 54(d)(2)(B) does not govern situations where attorney fees are recoverable as an element of the damages. *See* Fed.R.Civ.P. 54(d)(2) advisory committee's note; *see also Calomiris v. Calomiris*, 3 A.3d 1186, 1193 (D.C.2010); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2680 (3d ed.1998).

U.S. 196, 201–03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).

■ In order to receive attorney fees, the prevailing party must file and serve its motion for attorney fees no later than fourteen days after entry of the judgment. Super. Ct. Civ. R. 54. The trial court, however, need not resolve the motion immediately; in this jurisdiction, as in federal practice, the trial court may defer ruling on the motion if an appeal is pending.[6] *District of Columbia v. Jackson,* 878 A.2d 489, 494 (D.C.2005); *Breiner v. Daka, Inc.,* 806 A.2d 180, 183 (D.C.2002). The Advisory Committee Note to Fed.R.Civ.P. 54(d)(2)(B) specifically provides: "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice . . . ."[7] Indeed, "a quick resolution of the fee issue is not always desirable." 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.151[1] (3d ed.2011). "For instance, if the status of the fee movant as a prevailing party is subject to serious challenge, the [trial] court may find it desirable to postpone any decision on fees until after an appeal has confirmed the merits judgment." *Id.* One of the reasons the rules require a party seeking attorney fees to be filed before the period in which an appeal may be taken expires is to "clarify for the parties, as well as for the court, . . . the contested legal issues relevant to entitlement to fees that need to be decided as part of the underlying case." *Jackson,* 878 A.2d at 492. It does not appear at all unusual for the Superior Court to defer a decision on a request for attorney fees pending resolution of appeal due to the uncertainty over a party's status as the prevailing party. *See, e.g., id.,* at 494 n. 5.

■ Appellants' argument that the trial court erred by failing to *sua sponte* issue an order indicating it was going to defer ruling pending appeal, or that Thomas waived her request for attorney fees, is unpersuasive. Appellants provide no support for their assertion that some additional action, beyond timely filing, had to have been taken in order to preserve the issue, and this court is not aware of any. Here, the trial court acted within the parameters of Rule 54(d)(2)(B). *See* Super. Ct. Civ. R. 83 ("A judicial officer may regulate practice in any manner consistent with applicable law . . . ."). Moreover, we have indicated that filing the attorney fees motion within the fourteen day time frame set forth in Rule 54(d)(2)(B) (or within the time frame specified by the court) was sufficient to preserve the request pending appeal. *See id.,* at 494. Interestingly, this jurisdiction's federal district court rules specifically state that the district court may conduct a status conference where the court "shall make a specific determination as to whether, in the interest of justice, the fee issues . . . should be considered or be held in abeyance pending the outcome of the appeal." D.C. Dist. Ct. LCvR 54.2(b) (2011). Conducting a status conference and specifically determining whether the fee request shall be deferred, however, is not mandatory—in the event the court does not schedule a conference, the parties are directed to follow Fed.R.Civ.P.

---

**6.** Pursuant to Super. Ct. Civ. R. 58, the court may also order that the time within which a notice of appeal is to be filed be suspended pending resolution of a timely filed motion for attorney fees. *See* Super. Ct. Civ. R. 58.

**7.** "When interpreting a Superior Court rule, we frequently find guidance in the advisory committee's notes to the corresponding federal rule." *Jackson,* 878 A.2d at 492. Super. Ct. Civ. R. 54(d)(2)(B) "is virtually identical to its federal counterpart. . . ." *Id.* Moreover, the corresponding part of the Superior Court explanatory note to its rules uses almost identical language. *See id.* at 493 n. 4.

54(d)(2). *Id.* at 54.2(a). At bottom, Superior Court rules do not mandate that an additional step, beyond timely filing, is necessary to preserve a motion for attorney fees pending the outcome of the appeal.[8] Thomas preserved her request for attorney fees by timely filing her motion, and the trial court did not err in acting on the motion after the underlying case had been reviewed on appeal.[9]

## II.

The second issue in this case is whether the supersedeas bond, issued September 24, 2003, covers Thomas's March 2009 award of attorney fees. The June 18, 2003 judgment states that it is "ORDERED That the plaintiff Marva E. Thomas recover of the defendants George Purcell and Fedora, Inc. the sum of $165,000.00 with interest thereon from June 13, 2003 at the statutory rate, and her costs of action." On September 24, 2003, the trial court granted Purcell and Fedora, Inc.'s motion for stay of execution of the judgment and approved their supersedeas bond in the amount of $300,000.00. The order stated that the bond was approved "as adequate security for the Court's issuance of the stay of execution of the judgment." Accredited Surety and Casualty Company ("Accredited") acted as the bond's surety. *See* Super. Ct. Civ. R. 62–I.

After this court affirmed the trial court's judgment in favor of Thomas in July 2007, Thomas sought payment under the supersedeas bond. Thomas requested Accredited to cover not only the $165,000 money judgment with statutory interest and costs (the judgment amount awarded in June 2003), but also to cover the $590,807 attorney fees (awarded in March 2009). Disagreeing with Thomas's assertion that the supersedeas bond covered the March 2009 award of attorney fees, Accredited filed a motion with the trial court to determine the liability of the surety. After conducting a hearing on the motion on March 17, 2010, the trial court determined that Accredited did not have to pay Thomas any portion of the attorney fees.[10] Thomas timely filed an appeal of this ruling.

The provisions of the bond which is headed "SUPERSEDEAS BOND" are quite brief and simply state:

> We, GEORGE PURCELL AND FEDORA INC., as principal and AC-

---

8. Any issue that might be presented by an extended delay or failure to file supporting material subsequent to the filing of the notice under Super. Ct. Civ. R. 54(d)(2)(B) is not involved in this appeal. *See supra* note 4.

9. Appellants also contend that in the award of attorney fees the trial court plainly erred for numerous other reasons, all of which we have reviewed and find meritless. In particular, the court did not err in acting on Thomas's July 2, 2003 motion for attorney fees as timely filed. The motion, filed fourteen days after the June 18, 2003 entry of judgment, was timely. *See Faggins v. Fischer*, 853 A.2d 132, 137 (D.C.2004) ("[A] judgment is 'effective' only when entered on the docket...."); Super. Ct. Civ. R. 54(d)(2)(B) (providing fourteen days after entry of judgment); Super. Ct. Civ. R. 6 (the last day of the period is included). Perhaps appellant's argument would have been more persuasive if Thomas had waited a longer period of time after the resolution of the appeals process before requesting the trial court to grant its earlier request for attorney fees. However, the facts here do not present this issue, and we leave the question for another day.

10. The trial court determined that Accredited's liability under the supersedeas bond was: "(1) the amount of the Judgment docketed on June 18, 2003 for $165,000.00, plus (2) statutory post-judgment interest of $44,644.93, plus $18.08 per day thereafter to the date of payment, plus (3) costs in the amount of $2736.11...."

Accredited asserts that it paid Marva Thomas $212,742.64 on April 1, 2010, in accordance with the trial court's March 2010 order.

CREDITED SURETY AND CASUALTY COMPANY, INC., as surety, are held and firmly bound unto MARVA E. THOMAS, as obligee, in the amount of $300,000.00, for payment of which we bind ourselves, our heirs, personal representatives, successors and assigns, jointly and severally.

The CONDITION of this obligation is the Principal has entered an appeal to review the Final Judgment for Obligee and against Principal, dated June 10, 2003 in the above case.

NOW THEREFORE, if the Principal shall satisfy any money judgment contained in the judgment in full, including, if allowed by law, costs, interest, attorney's fees, and damages for delay in the event said appeal is dismissed or said judgment is affirmed, but in no event to exceed the penalty amount set out above, then this obligation shall be null and void; otherwise, to remain in full force and effect.

Thomas focuses on the fact that the bond expressly covers "attorney's fees." She maintains that her sexual harassment claim was based on a statute that authorizes attorney fees, and that "the expectation [was] that the attorney fees award will be entered following the entry of the judgment...." Therefore, she argues, the supersedeas bond covers attorney fees up to the limit of the bond. Like the trial court, we are not persuaded.[11]

 "A surety bond," such as the instant supersedeas bond, "is a contract whereby one party, the surety, agrees to answer for the debts of another, the principal." *Goldberg, Marchesano, Kohlman, Inc. v. Old Republic Sur. Co.,* 727 A.2d 858, 860 (D.C.1999) (citation omitted). The "surety's obligation must be measured by the conditions stated in the bond...." *Id.* at 861 (citation omitted); *May v. Cont'l Cas. Co.,* 936 A.2d 747, 750 (D.C.2007) ("[T]he liability of a surety cannot be extended beyond the terms of the surety contract.") (citation omitted). "The proper interpretation of the bond[ ], .... 'is a legal question, which this court reviews *de novo.*'" *Id.* (citing *Tillery v. District of Columbia Contract Appeals Bd.,* 912 A.2d 1169, 1176 (D.C.2006)). General rules of contract interpretation apply. *Id.* "This jurisdiction adheres to an 'objective' law of contracts, meaning 'the written language embodying the terms of an agreement will govern the rights and liabilities of the parties....'" *Dyer v. Bilaal,* 983 A.2d 349, 354–55 (D.C.2009) (citation omitted).

 In addressing the coverage of the bond before us, we look at the overall context in which it was issued. By definition, a supersedeas bond is "[a]n appellant's bond to stay execution on a judgment during the pendency of the appeal." BLACK'S LAW DICTIONARY 190 (8th ed.2004). Super. Ct. Civ. R. 62(d) provides for stays upon appeal and states in pertinent part that "[w]hen an appeal is taken[,] the appellant by giving a supersedeas bond may obtain a stay...."[12] The judgment debtor taking an appeal seeks to stay the execu-

---

11. Thomas also contends that because the bond states that it covers "any money judgment," the bond necessarily covers the March 2009 attorney fee award. This argument is unpersuasive because the bond plainly states that it covers "any money judgment *contained in the judgment,*" referring to the June 2003 judgment, which did not include a money judgment for attorney fees.

12. "It is within the discretion of the judge to issue a stay without requiring a bond." *Goldberg,* 727 A.2d at 861. Although a supersedeas bond is not required in order for the trial court to grant a motion to stay execution of the judgment, "[w]hen an appellant submits a bond that is approved by the court, the appellant is entitled to a stay as a matter of right." *Id.*

tion of the judgment so that he may "avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979). The bond also "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id.; Fed. Pres. Serv. v. Am. Pharm. Ass'n*, 205 U.S.App.D.C. 47, 52, 636 F.2d 755, 760 (1980) (The bond "secure[s] the appellee from loss resulting from the stay of execution [of a judgment]."). The supersedeas bond serves to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190–91. Here, the supersedeas bond clearly was issued to forestall execution on the 2003 judgment while that judgment was on appeal, as provided in Rule 62(d). The text of the bond ties itself exclusively to the 2003 judgment. That judgment contained the money award as well as specifying costs and interest and no more. It says nothing about attorney fees.[13]

Thomas argues that the bond also covers "damages for delay," which were not included in the judgment and were not determined at that time, and asserts that attorney fees are thus similar to damages for delay. " '[D]amages for delay' refers to those damages arising from the delay occasioned by the proceedings in error or appeal, which are properly a legal damage to the party delayed." *Omaha Hotel Co. v. Kountze*, 107 U.S. 378, 394, 2 S.Ct. 911, 27 L.Ed. 609 (1883). Damages for delay are included in a supersedeas bond in order "to provide a means of compensating an appellee upon an affirmance for the damages suffered between the entry of judgment and its affirmance which otherwise would not have been suffered but for the appeal." *Young & Simon, Inc. v. Brown*, 387 A.2d 724, 725 (D.C.1978) (citation omitted); *see Omaha*, 107 U.S. at 386, 2 S.Ct. 911 ("the court held that the word 'damages' covered whatever losses the plaintiff might sustain by the judgment not being satisfied and paid after the affirmance...").[14] Thus, such damages are tightly interwoven with the judgment itself and the consequences

**13.** The language of the bond about attorney fees would be applicable if, in fact, the judgment on appeal had included attorney fees, either as an inherent part of the damages award or, perhaps, if awarded by the court prior to the taking of the appeal as part of a single combined judgment being stayed pending appeal. And the phrase "if allowed by law" limits the liability of the surety to lawful portions of the judgment that are not monetized. While it is true that calculation of interest and costs can on occasion be the subject of dispute requiring resolution by a trial court order, in the normal course of events such calculations will be routine and no separate order will be entered with respect thereto. On the other hand, an attorney fees award necessitates a trial court order. Furthermore, interest and costs are closely tied to and integrated with the money judgment rather than being a distinct and separate matter. We need not address the application of the

bond in a situation where, unlike here, the judgment appealed from was silent as to interests and costs.

**14.** The *Omaha* court stated that damages for delay recoverable under a supersedeas appeal bond could be:

(1) the depreciation of the property in market value pending the appeal [but see caveat below]; or (2) its deterioration by waste, or want of repair, or accumulation of taxes or other burdens; or (3) the use and detention of the property pending the appeal,—that is, the rents and profits; or (4) the nonpayment of the costs of the appeal....

107 U.S. at 392, 2 S.Ct. 911. Almost immediately after acknowledging these four categories, however, the Court expressed doubt (in the same opinion) as to whether depreciation of market value could ever be recoverable as a damage for delay. *Id.*

of the judgment creditor not being able to immediately execute upon the judgment as a consequence of the stay. As already discussed, filing a motion for attorney fees does not affect the finality of the underlying judgment, and the attorney fee award must be separately appealed. The March 2009 order awarding Thomas attorney fees is independent of, and separate from, the June 2003 judgment to which the supersedeas bond applies.

 In sum, in issuing the bond, Accredited did not agree to be responsible for every adverse judgment entered against Purcell and Fedora, Inc., but on the contrary was linked solely to the judgment on appeal. *Bevard v. New Amsterdam Cas. Co.*, 132 A.2d 157, 160 (D.C.1957) ("The short answer is [that] .... [t]he surety did not agree to be responsible for everything that the principal undertook to do ....") (citation omitted).

*Affirmed.*