*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 20-CV-77

HENRY ZUNIGA, ET AL.,
APPELLANTS,

V.

WHITING-TURNER CONTRACTING CO.
AND
COMMERCIAL INTERIORS INC.,
APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(CAB-5017-18)

(Hon. Robert Rigsby, Trial Judge)

(Argued April 13, 2021                    Decided March 3, 2022)

*Matthew B. Kaplan*, with whom *Matthew K. Handley* was on the brief, for appellants.

*Michael J. Jack*, of the bar of the State of Maryland, *pro hac vice*, by special leave of court, for appellees. *Aindrea M. Conroy* was on the brief for appellees.

*Stephen B. Pershing* and *Daniel A. Katz* filed an *amicus curiae* brief for Metropolitan Washington Employment Lawyers Association.

Before GLICKMAN and MCLEESE, *Associate Judges,* and THOMPSON, *Senior Judge.*[*]

GLICKMAN, *Associate Judge*:  This appeal arises from a lawsuit for unpaid wages filed by appellants in Superior Court.  After appellants prevailed in that action, they applied for and received a judgment awarding them attorneys' fees and costs.  When the fee award remained unpaid, appellants requested the trial court to amend the award to clarify appellees' joint and several liability for its payment.  The court granted that request.  Appellees then complied with the award.

Appellants thereafter requested the court to award them (1) interest on the fee award for the months it had remained due and unpaid, and (2) additional attorneys' fees and costs they had incurred, mainly in their efforts to enforce the fee award. The trial court denied both requests.  It ruled that appellants were not entitled to interest on the unpaid fee award, and that their motion for additional fees and costs was untimely under Superior Court Civil Rule 54 (which imposes a 14-day deadline for such motions) because it was filed four months late.  Appellants challenge those rulings in the present appeal.

---

[*] Senior Judge Thompson was an Associate Judge of the court at the time of argument.  On October 4, 2021, she was appointed as a Senior Judge but she continued to serve as an Associate Judge until February 17, 2022.  *See* D.C. Code § 11-1502 & 1504(b)(3) (2012 Repl.).  On February 18, 2022, she began her service as a Senior Judge.  *See* D.C. Code § 11-1504.

We hold that appellants are entitled to interest on the fee award, and we remand for calculation of that interest and an order directing appellees to pay it. We also hold that the trial court properly denied appellants' application for fees and costs incurred to enforce the award. However, to the extent appellants also sought to recover fees and costs incurred to obtain other relief (for example, the interest they still were seeking on the initial fee award), we hold it was error to deny their request as untimely under Rule 54. Whether appellants may recover such fees and costs therefore remains to be determined in the proceedings on remand.

## I.

In July 2018, appellants filed a complaint against appellees in Superior Court, alleging they had not been paid for approximately two weeks of work on a District of Columbia construction project and had not been compensated properly for overtime work, in violation of the District's Wage Payment and Collection Law (DCWPCL)[1] and Minimum Wage Revision Act.[2] Appellants sought an award of their proper wages, liquidated damages, and attorneys' fees from the general

---

[1] D.C. Code § 32-1301 et seq. (2019 Repl.).

[2] D.C. Code § 32-1001 et seq. (2019 Repl.).

contractor, Whiting-Turner Contracting Co., and its subcontractor Commercial Interiors, Inc.[3]  In response, Commercial Interiors paid appellants back wages amounting to $8,536 and made offers of judgment on behalf of both it and Whiting-Turner for an additional payment of $8,536 (for a total recovery of $17,702) plus reasonable attorneys' fees to be determined by the trial court.  Appellants accepted the offers of judgment, and the Superior Court entered judgment on November 7, 2018, dismissing the complaint against both appellees with prejudice.

Within a week, appellants timely moved for an award of costs, including attorneys' fees.  On February 12, 2019, the Superior Court awarded fees and expenses to appellants in the amount of $41,573.43 ($41,245.83 in attorneys' fees and $327.60 in expenses).  However, while the court's order stated that appellants were "awarded $41,573.43 in attorneys' fees and expenses," it did not specifically name the parties who were obligated to pay the award.  The caption on the order identified the defendants as "Whiting-Turner Contracting, Co. et al."

---

[3] Appellants had been hired by AJ&G Construction, LLC, a direct subcontractor of Commercial Interiors and an indirect subcontractor of Whiting-Turner.  AJ&G was defunct by the time appellants filed their lawsuit. *See* D.C. Code § 32-1303(5) (providing that "[a] subcontractor, including any intermediate subcontractor, and the general contractor shall be jointly and severally liable to the subcontractor's employees for the subcontractor's violations" of, inter alia, the DCWPCL).

When appellees did not immediately pay the awarded fees and expenses, appellants informed them they would seek to enforce the order and would be entitled to a supplemental fee award for the legal work related to that effort. Appellants then attempted to obtain a writ of attachment to execute on appellees' assets, but because the February 12 order did not specifically name the parties liable to pay the award, the Superior Court Clerk's Office refused to issue the writ.

On April 10, 2019, appellants filed a motion requesting the court to modify the February 12 order so that it specifically identified the liable parties, because the order as written was (in appellants' words) "seemingly unenforceable against any Defendant." Appellants asked that the corrected order "be issued nunc pro tunc to February 12, 2019, the date of the original Order, so as to avoid any potential uncertainty about . . . the date on which the calculation of interest should commence." Appellees did not oppose the motion, and on May 13, 2019, the Superior Court issued a corrected order providing that "Defendants Whiting-Turner Contracting Company and Commercial Interiors, Inc. are jointly and severally liable for payment of the amount awarded by this Order." As requested, the court dated the order as nunc pro tunc to February 12, 2019. Within two days of the order's issuance, appellants received a check from appellees for $41,573.43.

Thereafter, on June 10, 2019, appellees filed a motion asking that the Superior Court enter the judgments against them as "paid, settled, and satisfied." Appellants opposed this motion on June 17, 2019, arguing that the judgments had not been fully satisfied because "judgment interest provided for by law and attorneys' fees provided for both by law and by the terms of the Judgment have not been fully paid." On September 16, 2019, the trial court granted the motion. In doing so, the court stated it was "not persuaded" that appellants were entitled to interest on the February 12 attorneys' fee award for the three-month period in which that award remained unpaid, or to additional attorneys' fees (which appellants had not yet quantified or requested).

On September 25, 2019 (approximately four-and-a-half months after the court issued its May 13 order), appellants filed two motions: (1) a motion for reconsideration of the court's September 16 order, in which appellants asserted their right to interest on the February 12 fee award; and (2) a motion for additional attorneys' fees and costs incurred after that award. On December 31, 2019, the Superior Court denied both requests, on the grounds that interest did not accrue on an award of attorneys' fees and that the motion for additional fees was untimely because it was not filed within fourteen days of the May 13 order as required by Superior Court Civil Rule 54(d)(2)(B). The court saw no reason for appellants to

have "waited 135 days from the date the amended order was issued to file their motion for additional attorneys' fees."

## II.

Appellants argue that the trial court erred in denying each of their requests. They claim entitlement to interest on the delayed payment of the fee award under D.C. Code § 28-3302(c) (2013 Repl.). That statute provides for interest to accrue on "judgments and decrees." Appellants claim entitlement to an additional award of attorneys' fees pursuant to D.C. Code § 32-1308(b)(1) (2019 Repl.). In pertinent part, that statute provides that a prevailing employee plaintiff is entitled to the award of costs, including reasonable attorneys' fees, "in any proceeding to enforce" a favorable judgment. We address each claim in turn.

### A. Interest on Attorneys' Fee Awards Under D.C. Code § 28-3302(c)

Whether D.C. Code § 28-3302(c) provides for the accrual of interest on awards of attorneys' fees is a question of statutory interpretation, as to which our

review is de novo.[4]   Our "judicial task is to discern, and give effect to, the legislature's intent."[5]   If "the plain meaning of the statutory language is unambiguous, ordinarily, judicial inquiry need go no further."[6]

Section 28-3302(c) states that "[t]he rate of interest on judgments and decrees," where the "judgment or decree is not against the District of Columbia, or its officers, or its employees acting within the scope of their employment or where the rate of interest is not fixed by contract, shall be 70% of the rate of interest set by the Secretary of the Treasury. . . for underpayments of tax to the Internal Revenue Service. . . ." The statute allows the court to "lower the rate of interest under this subsection for good cause shown or upon a showing that the judgment debtor in good faith is unable to pay the judgment . . . ." The statute does not contain a definition of the terms "judgment" or "decree"; nor, as this court has noted, does any other section of the District of Columbia Code, though the words appear in other

---

[4] *Burke v. Groover, Christie & Merritt, P.C.*, 26 A.3d 292, 296 (D.C. 2011).

[5] *Burton v. Off. of Emp. Appeals*, 30 A.3d 789, 792 (D.C. 2011).

[6] *Clark Constr. Grp., Inc. v. District of Columbia. Dep't of Emp't Servs.*, 123 A.3d 199, 203 (D.C. 2015) (citations and internal quotation marks omitted).

sections as well.[7]  We conclude, however, that the plain meaning of those terms encompasses judicial orders awarding attorneys' fees and costs.

In legal usage, the term "judgment" is commonly understood to include *any* final court order from which an appeal may be taken.  For example, Civil Rule 54(a) defines "judgment" as including "a decree and any order from which an appeal lies."[8]  Black's Law Dictionary likewise defines "judgment" as "a court's final determination of the rights and obligations of the parties in a case," and as "includ[ing] an equitable decree and any order from which an appeal lies."[9]  Since a

---

[7] *Robinson v. Georgetown Court Condo., LLC*, 39 A.3d 1286, 1288 (D.C. 2012).

[8] Super. Ct. Civ. R. 54(a).  In *Robinson*, *supra*, a case in which we considered the meaning of "judgment" as used in another statute, this court deemed it reasonable to turn to Rule 54 for guidance and assume that it "sets out a useful definition of 'judgment,'" given the presumed familiarity of the legislature with that usage.  39 A.3d at 1289-90.

[9] *Judgment*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A court's final determination of the rights and obligations of the parties in a case.  The term judgment includes an equitable decree and any order from which an appeal lies.").  As for the term "decree," the dictionary defines it as "a court's final judgment" or "any court order."  *Decree*, BLACK'S LAW DICTIONARY.

trial court's award of attorneys' fees is a final, appealable order,[10] it is a "judgment" under this ordinary definition.

Federal courts have uniformly interpreted 28 U.S.C. § 1961,[11] the "federal analogue" of § 28-3302,[12] as providing for post-judgment interest on orders awarding attorneys' fees. The reason is simple: "[T]here exists no real distinction between judgments for attorneys' fees and judgments for other items of damages . . . .[O]nce a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed."[13] This reasoning applies with equal force to § 28-3302.[14]

---

[10] *See Purcell v. Thomas*, 28 A.3d 1138, 1141 (D.C. 2011) ("The judgment disposing of the merits is immediately appealable, and the decision regarding attorney fees may be appealed separately.").

[11] 28 U.S.C. § 1961 provides that interest shall be awarded "on any money judgment in a civil case recovered in a district court."

[12] *Burke*, 26 A.3d at 299.

[13] *Perkins v. Standard Oil Co.*, 487 F.2d 672, 675 (9th Cir. 1973). *See also, e.g., Eaves v. Cnty. of Cape May*, 239 F.3d 527, 527–28 (3d Cir. 2001); *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Exp., Inc.*, 962 F.2d 1470, 1476 (10th Cir. 1992).

[14] This court previously has deemed "federal court constructions of 28 U.S.C. § 1961 . . . [to be] informative," even though they do not constitute "binding authority" with respect to our construction of our local statutory analogue. *Bell v. Westinghouse Elec. Corp.*, 507 A.2d 548, 554 (D.C. 1986).

Appellees argue that § 28-3302(c), unlike its federal counterpart, does not expressly require the accrual of interest on money judgments, and that the statute should not be applied here because the matrix used to calculate attorneys' fees in wage and hour litigation[15] is annually adjusted for inflation to compensate for delays in payment of fees. Neither part of this argument is persuasive. Section 28-3302(c) states what the rate of interest "shall be" and provides that a court may lower it only for "good cause" or a demonstrated inability to pay. "This court has repeatedly held that, in the absence of unusual circumstances, the word 'shall' is mandatory."[16] And the fact that the amount of the fee award is adjusted for delays in payment *prior to* the date of the award is no reason (and hence, not "good cause" within the meaning of § 28-3302(c)) for denying interest pursuant to a separate statute to compensate for a defendant's delay in making payment *after* the date of the award.

We conclude that judicial orders awarding attorneys' fees are "judgments or decrees" within the meaning of D.C. Code § 28-3302.

---

[15] *See* D.C. Code § 32-1308(b)(1) (stating that the award of attorney's fees is to be computed utilizing the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000)).

[16] *Fountain v. Kelly*, 630 A.2d 684, 686 n.3 (D.C. 1993).

Appellees further argue that they should not be required to pay interest on the fee award from February 12 because the Superior Court did not enter a final, enforceable award of attorneys' fees until May 13, which they then promptly paid in full. We disagree.

The May 13 order was "nunc pro tunc" to February 12. The purpose of a nunc pro tunc order "is to merely correct the record of the judgment."[17] A trial court may exercise its nunc pro tunc power "to make the record reflect the true judgment or order intended by the court at the time the original judgment or order was entered."[18] In this instance, the Superior Court exercised that power to clarify that both appellees were liable (jointly and severally) for the fees awarded in the February 12 Order, so that the award could be enforced against them, if necessary, through garnishment or other process. This was an appropriate use of the nunc pro tunc power.

While the clarification was desirable for such enforcement purposes, appellees could not have been in any doubt that the February 12 order required them

---

[17] *Appeal of A.H.,* 590 A.2d 123, 131 (D.C. 1991) (citing *Cairns v. Richardson*, 457 F.2d 1145, 1149 (10th Cir. 1972)).

[18] *Fed. Nat. Bank & Tr. Co. of Shawnee, Okla. v. Dillard*, 830 P.2d 1374, 1376 (Okla. 1992) (citations and internal quotation marks omitted).

to pay the awarded fees. Appellees' offers of judgment specifically envisioned that the court would issue such an award, and D.C. Code § 32-1303(5), by its express terms, made appellees jointly and severally liable for it.[19] As far as it appears, appellees expressed no confusion about the scope of the February 12 order when it issued or thereafter.[20] Moreover, when appellants moved the court to modify the February 12 order, they specifically requested that the corrected order be "nunc pro tunc to February 12, 2019, the date of the original Order, so as to avoid any potential uncertainty about . . . the date on which calculation of interest should commence." Appellees did not object to that request or oppose the motion to modify. For these reasons, we conclude that interest accrued on the fee award from February 12, 2019, to May 13, 2019, a period of three months.

### B. Application for Additional Fees Pursuant to D.C. Code § 32-1308(b)(1) and Superior Court Civil Rule 54(d)(2)(B)

Appellants also argue that D.C. Code § 32-1308(b)(1) entitled them to an additional award of costs and attorneys' fees relating to legal work on their behalf

---

[19] See footnote 3, *supra*.

[20] Appellants claimed that appellees refused to pay the award only because appellants declined to provide them with their home addresses.

following the February 12, 2019 award, and that the trial court erred as a matter of law in denying their request as untimely under Civil Rule 54(d)(2)(B).

In civil actions for violations of the DCWPCL and the Minimum Wage Revision Act, D.C. Code § 32-1308(b)(1) provides for the award of "costs of the action," including reasonable attorneys' fees, to prevailing employee plaintiffs.[21] The statute states that, "in any judgment in favor of any employee under this section, *and in any proceeding to enforce such a judgment*, the court shall award to each attorney for the employee an additional judgment for costs, including attorney's fees . . . ." (Emphasis added.) Thus, § 32-1308(b)(1) entitles a prevailing employee plaintiff to an award of costs and fees in two types of proceeding: (1) the initial

---

[21] D.C. Code § 32-1308 provides:

> (b)(1) The court, in any action brought under this section shall, in addition to any judgment awarded to the prevailing plaintiff or plaintiffs, allow costs of the action, including costs or fees of any nature, and reasonable attorney's fees, to be paid by the defendant. In any judgment in favor of any employee under this section, and in any proceeding to enforce such a judgment, the court shall award to each attorney for the employee an additional judgment for costs, including attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services. The court shall use the rates in effect at the time the determination is made.

proceeding to recover unpaid wages, and (2) any subsequent proceeding to enforce the favorable judgment (including any associated fee award) in the initial proceeding.

In the present case, the February 2019 fee award was in the first category, for the court awarded attorneys' fees and costs that appellants had incurred to obtain the November 2018 judgment in their favor for unpaid wages. But while the defendants in that proceeding promptly paid the judgment for unpaid wages in full, they did not pay the February 2019 fee award. Their continuing nonpayment led to an enforcement proceeding in which appellants prevailed when the court entered the May 13, 2019 order amending the February order and clarifying that the defendants were jointly and severally liable for the February fee award. The defendants promptly paid that award in full (albeit without interest, which the May 13 order did not mention). At that point, the employees became entitled under § 32-1308(b)(1) to an award of costs, including reasonable attorneys' fees, relating to the successful "proceeding to enforce" the February judgment.

But the time in which to file a motion requesting such an award is not open-ended. Civil Rule 54(d)(2)(B) states that "[u]nless a statute or a court order provides otherwise, [a motion for attorney's fees and related nontaxable expenses] must be

filed no later than 14 days after the entry" of the "judgment . . . entitling the movant to the award."[22] This provision is derived from its counterpart in the Federal Rules of Civil Procedure, and federal courts have construed the time requirement to mean just what it says. "Once a final judgment is entered, a plaintiff has fourteen days to file and serve a motion for attorneys' fees or she is time-barred."[23] As the Seventh Circuit has admonished, "[j]udges need good reasons for permitting litigants to exceed [the Rule's] deadlines."[24] In *District of Columbia v. Jackson* this court reached the same conclusion in holding that where a fee motion was untimely under our Rule 54(d)(2)(B), "the trial court was not in a position to rule upon its merits."[25]

---

[22] *See* Civil Rule 54(d)(2)(B)(i), (ii). The Rule allows the trial court to extend the deadline. *See District of Columbia v. Jackson*, 878 A.2d 489, 492 (D.C. 2005).

[23] *Gardner v. Catering by Henry Smith, Inc.*, 205 F. Supp. 2d 49, 51(E.D.N.Y. 2002) (denying motion for attorneys' fees filed by prevailing employees in suit for unpaid wages under the Fair Labor Standards Act and New York Labor Law, where motion was filed more than fourteen days after entry of judgment and "[n]either the FLSA, the New York Codes, Rules and Regulations for the Department of Labor nor the New York Labor Law extend the fourteen day time-period to file a motion for attorneys' fees.").

[24] *Robinson v. City of Harvey*, 617 F.3d 915, 918-19 (7th Cir. 2010) (reversing supplemental award of attorneys' fees available under federal civil rights statute because motion was untimely under Fed. R. Civ. P. 54(d)(2)(B)).

[25] *Jackson*, 878 A.2d at 494. *See also id.* at 494 n.6 ("[W]hile the 14-day period is not jurisdictional, the failure to comply should be sufficient reason to deny the fee motion, absent some compelling showing of good cause." (quoting MOORE'S FEDERAL PRACTICE 54.151 [1] (3d ed. 2000))).

The 14-day deadline for filing attorneys' fee motions applied in this case; no statute or court order provided otherwise. In the initial proceeding to recover unpaid wages, appellants complied with the Rule by applying for a fee award within 14 days of the entry of the November 7, 2018 judgment that entitled them to such an award under § 32-1308(b)(1). This enabled them to obtain the February 12, 2019 order awarding them attorneys' fees and costs incurred in obtaining that judgment.

But appellants did not comply with Rule 54(d)(2)(B) after the court entered its May 13, 2019 order enforcing the February award. That order was a "judgment" within the meaning of Rule 54.[26] Because the order entitled appellants to an award of costs and reasonable attorneys' fees in accordance with D.C. Code § 32-1308(b)(1), the Rule required appellants to apply for that award within 14 days of May 13. Yet they waited over four months, until September 2019, to do so.

Appellants did not make a timely request for an extension of the 14-day deadline, and they have not provided any valid excuse for failing to meet it. Instead, appellants object that the 14-day deadline of Rule 54(d)(2)(B) must be disregarded in this instance because the May 13 order was nunc pro tunc to February 12.

---

[26] *See* Rule 54(a). The May 13 order was a judgment for the same reasons we have held the February order to be a judgment.

Appellants reason that it would have been impossible for them to apply within 14 days of February 12 for an award of costs and fees that they had not yet incurred and would not be entitled to receive before the favorable judgment on May 13. Appellants misread the Rule, however. Rule 54(d)(2)(B) states the 14-day period starts to run when the judgment entitling the movant to attorneys' fees is *entered*. Although the May 13 order was nunc pro tunc, its date of entry was still May 13. Thus, there is no absurdity in applying the 14-day deadline to appellants' motion for the award to which the May 13 order entitled them.

Appellants also have argued that their September 2019 fee application should be considered timely because it was merely supplemental to their timely first fee application. This argument also is mistaken. The September 2019 application was not a supplement of the first application. The first application was for an award of costs and fees that the November 2018 judgment entitled appellants to receive. The September 2019 application was for an award of different costs and fees, incurred in subsequent proceedings, that the November 2019 judgment did not entitle appellants to receive. Thus, where appellants obtained another, later judgment entitling them to an additional award of costs and fees, Rule 54(d)(2)(B) required appellants to apply for it within 14 days of that later judgment's entry.

Accordingly, the trial court did not err by denying, as time-barred, appellants' motion for those costs and attorneys' fees to which they were entitled by virtue of the May 13 judgment. Rule 54(d)(2)(B) required the court to so rule. However, our review of appellants' fee application requires us to qualify our affirmance of the trial court's denial in one respect. The May 13 judgment concluded one distinct "proceeding to enforce" the February judgment by clarifying the defendants' joint and several obligation and compelling them to pay the February award. Rule 54(d)(2)(B) thus required appellants to apply for an award of any legal fees and costs they incurred to obtain that particular favorable result within 14 days of the May 13 judgment.[27] But we perceive that a few of the fees and costs appellants sought to be awarded in their September petition may have been incurred to obtain additional relief that the May 13 judgment did not provide — in particular, interest on the February 2019 award (which it appears appellants first sought after May 13).[28] Since

---

[27] We observe that appellants incurred some of the fees they requested before they moved the court to enforce the February fee award, for example, fees associated with their thwarted attempt to obtain a writ of attachment. Neither party has questioned whether appellants incurred those fees in the enforcement "proceeding" (within the meaning of § 32-1308(b)(1)) that culminated in the May 13 order. We therefore refrain from expressing a view on that potential issue.

[28] Although there may be other examples, appellants have not identified them or argued that any particular fees and costs they requested in their September 2019 motion are exempt from the otherwise proper denial of their petition as untimely. We take note, however, that some of the fees that appellants sought were for work done *after* the May 13 judgment was entered. It appears these fees were incurred

the May 13 order did not entitle appellants to such an award, Rule 54(d)(2)(B) did not require appellants to request it within 14 days of that order; such a request would have been premature before the entry of a judgment granting the additional relief. The trial court's denial of appellants' fee application as untimely (the only ground on which the court relied) therefore cannot preclude appellants from seeking an award of such costs and fees in the future, if and when they obtain a judgment entitling them to it. So, for example, the court could have denied appellants' request for fees relating to the recovery of interest as premature before any award of interest; but if, in accordance with this opinion, appellants on remand secure a judgment for interest on the February 12 fee award, that judgment will entitle them to apply within 14 days for costs and reasonable attorneys' fees incurred to obtain it.

---

principally either in appellants' unsuccessful opposition to the defendants' June motion to enter the judgments against them as satisfied, or in support of appellants' unsuccessful (and for the most part untimely) September fee application. The trial court did not explain its denial of these post-May 13 fees. To the extent any of them related to appellants' ongoing request for interest on the February judgment, they remain potentially recoverable following an award of interest. Otherwise, appellants have not explained, and we do not see, why they would be entitled to an award of the post-May 13 fees they requested. However, for the reasons discussed above, this is a matter appellants may pursue in further proceedings on remand.

It also should be noted that this opinion does not address appellants' entitlement to fees and costs incurred in appealing the trial court's denial of their fee petition. That issue has not been raised in this appeal. We express no views as to appellants' right to recover such expenses.

**III.**

For the foregoing reasons, we reverse the order denying interest on the February 12, 2019 award of attorneys' fees and expenses and remand for the Superior Court to calculate and award the interest owed according to the statutory rate provided for in D.C. Code § 28-3302(c).  We affirm the Superior Court's denial of additional attorneys' fees, without prejudice to a future application for fees (and costs) as and to the extent permitted by this opinion.